ENTERPRISE LEASING COMPANY
OF HOUSTON, Appellant,

v.

HARRIS COUNTY TOLL ROAD
AUTHORITY, Appellee.

No. 01–09–00271–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 17, 2011.

Rehearing Overruled May 25, 2011.

David V. Wilson III, Ruth E. Piller, Hays, McConn, Rice & Pickering, P.C., Houston, TX, for Appellant.

James Patrick Harris, Linebarger Googan Blair & Sampson, LLP, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and MASSENGALE.

## OPINION

SHERRY RADACK, Chief Justice.

In this appeal, we consider whether the trial court erred in affirming an administrative ruling holding appellant, Enterprise Leasing Company of Houston ["Enterprise"] liable to the Harris County Toll

Road Authority ["HCTRA"] for tolls that were incurred, but not paid for, by lessees of Enterprise's vehicles. Specifically, we consider (1) whether Enterprise was entitled to trial de novo in the trial court, (2) whether Enterprise established the affirmative defenses of estoppel and waiver, and (3) whether HCTRA's selective enforcement of the applicable statute precludes it from pursuing its claims against Enterprise. We affirm.

## BACKGROUND

Enterprise is a rental car agency that leases cars to consumers. Occasionally, some renters of Enterprise's vehicles drive on HCTRA's toll roads without paying the required toll. The operator's failure to pay a required toll on a Texas roadway violates section 284.070 of the Texas Transportation Code, which provides as follows:

> A person commits an offense if the person:
>
> (1) operates a vehicle on a county project; and
>
> (2) fails or refuses to pay a toll imposed under Section 284.069

TEX. TRANSP. CODE ANN. § 284.070 (Vernon 2009). The transportation code provides that that "[i]n the event of an offense committed under Section 284.070 . . . the registered owner of the nonpaying vehicle is liable for the payment of both the proper toll and an administrative cost." TEX. TRANSP. CODE ANN. § 284.0701(a). The statute further provides that the registered owner of a vehicle for which the proper toll was not paid also commits an offense if he fails to make payment after receiving proper notice of nonpayment. *See* TEX. TRANSP. CODE ANN. § 284.0701(c). Thus, under these sections, Enterprise, as registered owner of the nonpaying cars, would be liable for the tolls, even though

their renters actually committed the offense.

However, in September 2003, the Texas Legislature created an affirmative defense for car companies whose renters incurred toll road violations. The statute creating this affirmative defense provides as follows:

> It is an exception to the application of Subsection (a) or (c) if the registered owner of the vehicle is a lessor of the vehicle and not later than the 30th day after the date the notice of nonpayment is mailed provides to the authority:
>
> (1) a copy of the rental, lease, or other contract document covering the vehicle on the date of the nonpayment under Section 284.070, with the name and address of the lessee clearly legible; or
>
> (2) electronic data, other than a photocopy or scan of a rental or lease contract, that contains the information required . . . covering the vehicle on the date of the nonpayment under Section 284.070.

TEX. TRANSP. CODE ANN. § 284.0701(d). After the affirmative defense statute providing the exception for rental companies was passed, Enterprise and HCTRA entered into an agreement that settled all offenses for which Enterprise may have been liable that occurred prior to the effective date of the affirmative defense statute.

After the affirmative offense statute went into effect, Enterprise began claiming the exception for new violations. Specifically, as Enterprise would get notices of nonpayment from HCTRA, it would look up the renter's information and provide it to HCTRA.

Enterprise and HCTRA initially cooperated to create an electronic exchange system to eliminate the vast amount of paperwork that was involved in the reporting process. However, Enterprise was unable

to keep up with the influx of unpaid invoices and soon it fell behind in its efforts to claim the exception created by section 284.0701(d) by submitting copies of the rental agreements within 30 days.

Steve Moore, a representative of Enterprise, called HCTRA's attorney, D'Arwyn Daniels, to explain the difficulty that Enterprise was having in providing the rental agreements within 30 days of notice of nonpayment. Enterprise claims that Daniels told it that the 30–day requirement could be extended to 45–days for all future reporting purposes.

In November 2006, Daniels requested a meeting with Enterprise, at which he advised Enterprise that HCTRA expected Enterprise to pay fines and fees for hundreds of violations that accrued after July 7, 2004, because Enterprise had not properly proved that it was entitled to claim the statutory exemption provided by section 284. Specifically, Enterprise had provided the rental information required to claim the exemption more than 30 days after it had received notice of nonpayment.

In December 2007, seven of HCTRA's claims were heard in an administrative hearing to determine whether Enterprise was liable for the alleged violations by its renters, or whether it was entitled to claim the statutory exemption. The administrative judge determined that Enterprise was liable for the tolls, and ordered it to pay administrative fees and the tolls to HCTRA. Enterprise appealed the decision to Harris County Court at Law No. 4, and the trial court affirmed five of the seven claims. Those claims are the subject of this appeal by Enterprise.

## STANDARD OF REVIEW
## ON APPEAL

We review de novo the determination by the county court at law. *Tex. Dep't of Pub. Safety v. Friedel*, 112 S.W.3d 768, 770 (Tex.App.-Beaumont 2003, no pet.). The question of whether the hearing officer's initial determination meets the substantial evidence standard is one of law. *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 566 (Tex.2000). We review questions of law without affording any deference to the county court at law's determination. *Tex. Dep't of Pub. Safety v. Cuellar*, 58 S.W.3d 781, 784 (Tex.App.-San Antonio 2001, no pet.).

## STANDARD OF REVIEW
## IN TRIAL COURT

■ In its first issue on appeal, Enterprise contends that the trial court applied an improper standard in its judicial review of the hearing officer's decision. Specifically, Enterprise contends that it was entitled to a trial de novo in the county court. We disagree.

Section 284.202 of the Texas Transportation Code grants the commissioners court of a county with a population exceeding 3.3 million the right to issue an order prohibiting the operation of a motor vehicle on a county project if the operator of the vehicle has failed to pay a required toll or charge. *See* TEX. TRANSP. CODE ANN. §§ 284.201, 284.202(a). Harris County Commissioners Court has issued such an order, which is entitled "Order Prohibiting the Operation of a Motor Vehicle on a County Toll Road Facility After Failure to Pay Required Toll or Charge; Imposing Fees; And Adopting Administrative Adjudication Procedure For Violation of Prohibition," signed May 4, 2004 [hereinafter, the "Order"]. The violation of this Order, which is based on sections 284.202 and 284.070 of the Transportation Code, served as the basis for the complaints against Enterprise in the administrative hearing.

While the Texas Transportation Code does not define the standard of judicial

review to be applied in a toll violation case, it grants the Harris County Commissioners Court the authority to adopt an administrative adjudication hearing procedure for violations of orders adopted by a commissioners court pursuant to section 284.202(a). *See* TEX. TRANSP. CODE ANN. § 284.204 (Vernon 2009). The Order adopted by Harris County Commissioners Court creates such an administrative adjudication hearing procedure. Regarding the appeal of a hearing officer's decision, the Order provides:

> The reviewing court may not substitute its judgment for the judgment of the hearing officer on the weight of the evidence on questions committed to the hearing officer's discretion but:
>
> (i) may affirm the decision of the hearing officer in whole or in part; and
>
> (ii) shall reverse, or remand for further proceedings if substantial rights of the person have been prejudiced because the decision of the hearing officer is:
>
> > (a) in violation of a constitutional or statutory provision;
> >
> > (b) in excess of the hearing officer's statutory authority;
> >
> > (c) made through an unlawful procedure;
> >
> > (d) affected by another error of law;
> >
> > (e) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
> >
> > (f) arbitrary or capricious or characterized by abuse of discretion of clearly unwarranted exercised of discretion.

The language in the Order is identical to that of § 2001.174 of the Administrative Procedures Act ("APA"), which provides the procedural framework for the judicial review of a state agency's action. *See* TEX. GOV'T CODE ANN. § 2001.174. The APA provides that when the law does not define the scope of judicial review, the "substantial evidence" standard shall apply. *Id.* The APA, which the Order mirrors, further provides that under the substantial "evidence rule," the trial court is to conduct its review with no jury and confines the court to review of the agency record from the administrative hearing. *Id.* at § 2001.175(e)

■ Nevertheless, Enterprise argues that because its appeal hinges on a question of law—the interpretation of chapter 284 of the Transportation Code—it was entitled to a trial de novo. We agree that the interpretation of a statute in a question of law. *See Kerr v. Tex. Dept. of Pub. Safety*, 973 S.W.2d 732, 734 (Tex.App.-Texarkana 1998, no pet.) ("[T]he interpretation of a statute is a question of law, and questions of law are review de novo by the appellate court."). We further agree that this Court reviews the trial court's interpretation of statutes de novo. *See Cuellar*, 58 S.W.3d at 784. However, nothing prevents the trial court, in the course of conducting a hearing under the substantial-evidence standard, from considering such questions of law. Indeed, the APA and the Order both provide that the reviewing court shall reverse, or remand for further proceedings if substantial rights of the person have been prejudiced because the decision of the hearing officer is in violation of a constitutional or statutory provision. While Enterprise is entitled to de novo review of the interpretation of a statute, nothing provides for a trial de novo. As such, the trial court did not err by refusing to grant Enterprise's motion for trial de novo.

We overrule Enterprise's first issue on appeal.

## WAIVER AND ESTOPPEL

■ In its second issue, Enterprise asserts that the affirmative defenses of

estoppel and waiver should be applied against HCTRA to prevent them from enforcing the Transportation Code against Enterprise. Affirmative defenses of waiver and estoppel are equitable in nature. *See Ulico Cas. Co. v. Allied Pilots Ass'n,* 262 S.W.3d 773, 778 (Tex.2008). Affirmative defenses based in equity have been consistently held not to apply when the activity complained of is a governmental function. *See, e.g., City of Hutchins v. Prasifka,* 450 S.W.2d 829, 835 (Tex.1970) ("The general rule has been in this state that when a unit of government is exercising its governmental powers, it is not subject to estoppel."); *Clear Lake Water Auth. v. Winograd,* 695 S.W.2d 632, 640 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.) (holding that estoppel does not apply against a unit of government exercising its governmental functions); *Capitol Rod & Gun Club v. Lower Co. River Auth.,* 622 S.W.2d 887, 896 (Tex.App.-Austin 1981, writ ref'd n.r.e.) ("[T]he general rule is that where a unit of government is exercising its governmental powers, it is not subject to estoppel or laches."); *Lewis Cox & Son v. High Plains Underground Water,* 538 S.W.2d 659, 662 (Tex.Civ.App.-Amarillo 1976, writ ref'd n.r.e.), *overruled on other grounds by Monsanto Co. v. Cornerstones Mun. Util. Dist.,* 865 S.W.2d 937 (Tex.1993) ("[T]he uniform rule is that the state and its essential instrumentalities are immune from the defenses of limitations, laches, and estoppel. . . .").

■ Courts have, however, recognized a limited exception in some circumstances when a party raises an equitable estoppel claim. *City of Hutchins,* 450 S.W.2d at 836. In *Hutchins,* the Texas Supreme Court noted that "a municipality may be estopped in those cases where justice requires its application, and there is no interference with the exercise of its governmental functions." *Id.* The court stated that

estoppel in those situations should be "applied with caution and only in exceptional cases where the circumstances clearly demand its application to prevent manifest injustice." *Id.*

■ In *Roberts v. Haltom City,* the Texas Supreme Court again recognized the exception to the general rule that a city could not be estopped as to its governmental functions. 543 S.W.2d 75, 80 (Tex. 1976). The court stated that "where justice requires it and where no governmental function is impaired," a city may be estopped even if exercising a governmental function. *Id.* In determining whether justice requires that a party be allowed to pursue his claim of estoppel, we will look at the totality of the circumstances. The exception will be exercised only when "justice, honesty, and fair dealing require it." *Clear Lake City Water Auth.,* 695 S.W.2d at 640. We will take into account the conduct of all parties. A party with "unclean hands" will not be permitted to pursue equitable relief. *See Foxwood Homeowners Ass'n v. Ricles,* 673 S.W.2d 376, 379 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.).

## A. Application to Counties Exercising Administrative Powers

■ First, the Texas Supreme Court has never applied the exception for equitable doctrines of estoppel and waiver to any entity other than a municipality. *See Odessa Texas Sheriff's Posse, Inc. v. Ector County,* 215 S.W.3d 458, 469–70 (Tex.App.-Eastland 2006, pet. denied). HCTRA's enforcement of the Texas Transportation Code is unquestionably a governmental function. The Texas Tort Claims Act specifically lists "regulation of traffic" as a governmental function. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.0215 (Vernon 2009). Because the Texas Supreme Court has yet to allow the waiver and estoppel defenses to be applied to counties exercising gov-

ernmental functions, we decline to apply equitable defenses against HCTRA. *See Odessa Texas Sheriff's Posse*, 215 S.W.3d at 470 (noting that, because the Texas Supreme Court is always careful to distinguish between governmental and proprietary activities, it is unlikely it would apply the doctrine of equitable estoppel to counties).

**B. Interference with Governmental Function**

■ Even if the equitable defenses of estoppel and waiver were available to Enterprise, their application would be inappropriate in this case because it would interfere with HCTRA's governmental function to enforce the law. Again, estoppel may apply in those cases where justice requires its application, but only if there is no interference with the exercise of governmental functions. *See City of Hutchins*, 450 S.W.2d at 835. To grant Enterprise the defenses of waiver and estoppel would require HCTRA to vary the terms of the Transportation Code passed by the Texas Legislature by extending the deadline by fifteen days. Not only does this greatly interfere with HCTRA's government function to enforce the law, it implicates serious separation of powers concerns by permitting a political subdivision to effectively amend state law. *See City of White Settlement v. Super Wash*, 198 S.W.3d 770, 773 (Tex.2006) ("[B]arring estoppel helps preserve separation of powers; legislative prerogative would be undermined if a government agent could—through mistake, neglect, or an intentional act—effectively repeal a law by ignoring, misrepresenting, or misinterpreting a duly enacted statute or regulation.").

Accordingly, we hold that the trial court did not err in granting judgment against Enterprise as to its claim that HCTRA either waived or should be estopped from asserting its claims. *See Truong v. City of Houston*, 99 S.W.3d 204, 213 (Tex.App.-Houston [1st Dist] 2002, no pet.) (holding that because there is no manifest injustice, summary judgment was appropriate).

We overrule Enterprise's second and third points of error.

**SELECTIVE ENFORCEMENT OF TRANSPORTATION CODE**

■ In its fourth issue, Enterprise asserts that HCTRA did not comply with the deadlines imposed by chapter 284 of the Transportation Code, thereby precluding its enforcement of certain claims against Enterprise. Specifically, section 284.0701(b) states that "[t]he county shall send a written notice of nonpayment to the registered owner of the vehicle … not later than the 30th day after the date of the alleged failure to pay." TEX. TRANSP. CODE ANN. § 284.0701(b) (Vernon 2009).

Enterprise contends that a failure to pay occurs immediately when the lessee drives through the toll without paying. As a result, Enterprise asserts that HCTRA failed to comply with the notice requirements in chapter 284 and penalized Enterprise for their own noncompliance, resulting in improper selective enforcement of the Texas Transportation Code.

Section 284.204 gives the commissioners court the authority to adopt an administrative adjudication hearing procedure "for a person who is suspected of having violated an order adopted under Section 284.202(a) [here, the "Order"] on at least two separate occasions within a 12–month period." TEX. TRANSP. CODE ANN. § 284.204. Thus, HCTRA's policy of bundling three offenses before determining that there has been a "failure to pay" is in accord with the statute providing for an administrative adjudication after "at least two" suspected offenses.

It is entirely within HCTRA's prerogative to prescribe when a "failure to pay" actually occurs, and the method they have chosen is not entirely unfair or unreasonable. *See Tex. Dep't of Ins. v. Reconveyance Servs., Inc.*, 240 S.W.3d 418, 431 (Tex.App.-Austin, 2007), *rev'd on other grounds*, 306 S.W.3d 256 (Tex.2010) ("Implicit in a regulatory scheme ... is the power of [the entity] to interpret the statutes it is charged with administering and enforcing."). Section 284.003 states that "a county, acting through the commissioners court of the county ... may impose tolls or charges as otherwise authorized by this chapter." Tex. Transp. Code Ann. § 284.003(3) (Vernon 2009). HCTRA, acting as a division of Harris County, is authorized by the statute to administer and enforce toll road charges pursuant to chapter 284. In addition, HCTRA's interpretation of section 284.0701 is a fair interpretation of the statutory requirements by the enforcing agency and provides practical benefits to the parties involved, including Enterprise, and we will defer to an agency's interpretation of a statute when there is room for policy determinations. *See Gulf Coast Coalition of Cities v. Pub. Util. Comm'n*, 161 S.W.3d 706, 712 (Tex.App.-Austin 2005, no pet.) ("When there is ... room for policy determinations, we defer to an agency's interpretation unless it is plainly inconsistent with the language of the rule.").

Accordingly, we hold that the trial court did not err in determining that HCTRA's policy of accumulating three violations before sending notice did not preclude the application of section 284.0701(d). *See Star Houston, Inc. v. Tex. Dept. of Transp.*, 957 S.W.2d 102, 105–06 (Tex. App.-Austin 1997, pet. denied) (agency's interpretation of undefined statutory term was supported by the statute).

We overrule Enterprise's fourth point of error.

## CONCLUSION

We affirm the trial court's judgment.