**Reversed and Rendered and Majority and Concurring Memorandum Opinions filed July 16, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00718-CV

---

### HARRIS COUNTY, TEXAS, Appellant

### V.

### CLAUDIA RAMIREZ, Appellee

---

**On Appeal from the County Civil Court at Law No 1
Harris County, Texas
Trial Court Cause No. 1081071**

---

### MAJORITY OPINION

Appellant Harris County, Texas sued appellee Claudia Ramirez to recover unpaid tolls and fees incurred on two vehicles for which Ramirez remained the registered owner, but that she previously had sold. The trial court rendered a take-nothing judgment in favor of Ramirez on Harris County's claims. In four issues, Harris County contends the trial court erred in rendering judgment against it because the trial court failed to issue findings of fact and conclusions of law, the

evidence is legally and factually insufficient to support the trial court's judgment, and the trial court abused its discretion by acting arbitrarily and without regard to guiding rules and principles.

We agree that Harris County established conclusively that Ramirez is liable for the tolls and fees under Section 284.0701 of the Texas Transportation Code. As a result, we reverse the trial court's judgment in favor of Ramirez and render judgment in favor of Harris County for the tolls and fees.

## BACKGROUND

By statute, Harris County is authorized to collect tolls from vehicles operated on certain roadways. *See* Tex. Transp. Code § 284.069. Under the relevant statute, if a party operates a vehicle on a county project and fails to pay the toll, the party commits an offense. Tex. Transp. Code § 284.070(a). The statute also provides that when an offense is committed, the registered owner of the vehicle is liable for the payment of the toll and for an administrative cost. Tex. Transp. Code § 284.0701(a); *see also* Tex. Transp. Code § 284.202(c) (allowing commissioners court by order to impose a reasonable cost for expenses associated with collecting unpaid toll or charge if registered owner fails to pay).

At the bench trial, Harris County presented evidence that during 2011, Ramirez was the registered owner of a vehicle bearing license plate CN4F791, and during 2012, she was the registered owner of a vehicle bearing license plate AM19152. On several dates in 2011 and 2012, the two vehicles were operated on Harris County toll roads without payment of the proper toll. With regard to license plate CN4F791, Harris County sent notices of violation to Ramirez and the alleged violations were submitted to an administrative adjudication process. Ramirez did not appear at the hearing and the hearing officer signed an order providing that Ramirez was the registered owner of the vehicle bearing license plate CN4F791,

2

that Ramirez was given proper notice, and that Ramirez is liable for the unpaid tolls and associated fees and costs. The order of the administrative hearing officer was not appealed and became final.[1] With regard to the vehicle bearing license plate AM19152, Harris County presented evidence that the claim for unpaid tolls and fees against Ramirez also went through the administrative adjudication process and resulted in an agreed order. In the agreed order, Ramirez admitted to "personal liability for all tolls, fees, charges, and costs" in the amount of $1,891.75. She made a down payment on the agreed order in the amount of $318.00 but made no further payments.

Ramirez presented unrebutted testimony that she sold the vehicles before the tolls were incurred, that she was not driving the vehicles at the time the tolls were incurred, and that she did not know that the Department of Motor Vehicles listed her as the registered owner of the two vehicles. Ramirez, who testified through a Spanish-speaking interpreter, said she was unaware that she needed to file transfer documents with the Department of Motor Vehicles to prevent her from remaining the registered owner.[2]

The trial court stated that it did not doubt the veracity of Ramirez regarding her testimony that she did not own the vehicles at the time the tolls were incurred and that she did not drive the vehicles through the toll booths. At the conclusion of the brief bench trial, the trial court indicated that it would render judgment for Ramirez. That same day the trial court signed a take-nothing judgment in her

---

[1] *See Edmiston v. Harris Cnty*, No. 14-11-00608-CV, 2012 WL 3612436, at **3-4 (Tex. App.—Houston [14th Dist.] Aug. 23, 2012, no pet.) (mem. op.) (noting "liability for the toll road violations, fees and charges was established at the administrative hearing" and could not be collaterally attacked when defendant did not appeal the administrative order).

[2] *See* Tex. Transp. Code § 501.147 (providing that a party may file a written notice of transfer of ownership of vehicle). If a transfer document is properly filed and other provisions met, the party is not liable for the tolls and fees. *See* Tex. Transp. Code § 284.0701(e).

favor. Harris County timely requested findings of fact and conclusions of law and provided timely notice of past-due findings of fact and conclusions of law, but the trial court failed to file any findings or conclusions. This appeal followed.

ANALYSIS

Harris County has asserted four issues on appeal: (1) whether the trial court erred in failing to file written findings of fact and conclusions of law after a timely request and notice of past due findings; (2) whether the evidence is factually insufficient to support the trial court's judgment; (3) whether the evidence is legally insufficient to support the trial court's judgment; and (4) whether the trial court abused its discretion by acting arbitrarily, unreasonably, and without regard to guiding legal principles. We first address Harris County's issue challenging the failure to file findings of fact and conclusions of law and conclude the error is harmless. We then turn to Harris County's third issue because that issue, if sustained, would afford Harris County the greatest relief. Without addressing the remaining issues, we conclude the legal insufficiency issue is dispositive. *See* Tex. R. App. P. 47.1 (directing court of appeals to hand down opinion addressing issues raised and necessary to final disposition of appeal); *Windrum v. Kareh*, No. 17-0328, 2019 WL 321925, at *12 (Tex. Jan. 25, 2019) (noting "[o]rdinarily, a court of appeals will not address the factual sufficiency of the evidence if it determines the evidence is legally insufficient").

I.    **Any error in failing to issue findings of fact and conclusions of law is harmless.**

Pursuant to Texas Rule of Civil Procedure 296, any party may request the trial court to state in writing its findings of fact and conclusions of law following a bench trial. *See* Tex. R. Civ. P. 296; *Ad Villarai, LLC v. Chan IL Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (per curiam). If the party timely files its request for findings

4

and conclusions and timely notifies the trial court of past-due findings and conclusions, and the trial court fails to file findings and conclusions, "the court of appeals must presume the trial court made all the findings necessary to support the judgment." *Ad Villarai*, 519 S.W.3d at 135. A party may rebut the presumption by establishing that the evidence does not support the presumed findings that are necessary to support the judgment. *See id.* When the facts are disputed, the burden of rebutting all presumed findings may be so burdensome that it effectively "prevent[s the appellant] from properly presenting its case to the court of appeals. . . ." *Id.* (internal quotation marks omitted). In such cases, harm is presumed, unless the record affirmatively shows that the complaining party has suffered no injury, and a reviewing court may abate the appeal and remand the case to the trial court with instructions to file the findings and conclusions. *Id.* at 135-36.

When a party is not prevented from properly presenting its case to the court of appeals, the failure to file findings and conclusions is harmless. *See Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014) (per curiam). In this case, the record includes both the reporter's record and the clerk's record. The pertinent facts are undisputed, as explained in more detail below, and Harris County has been able to effectively present its sufficiency challenge to the court. We conclude there is no need for abatement and that any error in failing to file the findings and conclusions is thus harmless. *See id.* We overrule Harris County's first issue.

## II. Harris County established conclusively that Ramirez is liable for the tolls and associated charges.

### A. Standards of review

Where, as here, the trial court fails to file findings of fact and conclusions of law following a bench trial, we infer all findings necessary to support the judgment

5

and will affirm on any legal ground supported by the record. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). When the appellate record includes both the reporter's and clerk's records, the implied findings are not conclusive and may be challenged for legal and factual sufficiency. *See id.* We review the trial court's decision for legal sufficiency of the evidence using the same standards applied in reviewing the evidence supporting a jury's finding. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it, crediting favorable evidence if a reasonable fact finder could do so and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005). A party attacking the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof must demonstrate that the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). Thus, to prevail on its legal-sufficiency challenge, Harris County must demonstrate that the evidence conclusively establishes all vital facts in support of its claim to recover unpaid tolls and fees from Ramirez.

**B.      Applicable Provisions of the Transportation Code**

Section 284.070, entitled "Nonpayment of Toll; Offense," provides that "a person commits an offense if the person: (1) operates a vehicle on a county project; and (2) fails to or refuses to pay a toll imposed under Section 284.069." Tex. Transp. Code § 284.070(a). If an offense is committed under Section 284.070, the registered owner of the nonpaying vehicle is liable upon issuance of a written notice of nonpayment for both the proper toll and an administrative cost. Tex. Transp. Code § 284.0701(a); *see Enterprise Leasing Co. of Houston v. Harris*

*Cnty. Toll Rd. Auth.*, 356 S.W.3d 85, 87 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The registered owner is defined under the statute to be "the owner of a vehicle as shown on the vehicle registration records of the Texas Department of Motor Vehicles or the analogous department or agency of another state or country." Tex. Transp. Code § 284.0701(h). Section 284.0701, entitled "Administrative Costs; Notice; Offense," provides that the registered owner of a vehicle that was operated on a road without paying the toll, and who is mailed a written notice of nonpayment and does not pay the proper toll and administrative cost, commits an offense. Tex. Transp. Code § 284.0701(c). Each failure to pay the proper toll and administrative cost under subsection (c) is a separate offense. *Id.* Under these provisions, unless one of the statutory exceptions applies,[3] the registered owner is liable to pay the proper toll and an administrative cost, even if the registered owner was not the person operating the vehicle. *See Enterprise Leasing Co.*, 356 S.W.3d at 87.

## C.     Harris County established all vital facts in support of its claim.

The record contains an Order signed by an administrative hearing officer finding that Ramirez was the registered owner of a vehicle bearing license plate number CN4F791, that she was given proper notice, that she is liable for operating, causing, or allowing another person to operate the vehicle in violation of an order to pay tolls and fees, and that she is assessed $454.25 in unpaid tolls, charges, and

---

[3] Section 284.0701 contains an exception to the application of Subsection (a) or (c) if the registered owner of the vehicle transferred ownership of the vehicle to another person before the event of nonpayment occurred, submitted written notice of the transfer to the Texas Department of Motor Vehicles in accordance with Section 501.147 of the Transportation Code, and before the 30th day after the date the notice of nonpayment is mailed provides to the county the name and address of the person to whom the vehicle was transferred. Tex. Transp. Code § 284.0701(e). Section 284.0702 also contains a defense to liability when a stolen vehicle is involved. Tex. Transp. Code § 284.0702(c). There is no argument or evidence in the record that the exception or defense applies in this case.

pre-and post-hearing collection fees. With regard to the vehicle bearing license plate number AM19152, the record contains an Agreed Order, signed by Ramirez, in which she "admits to personal liability for all tolls, fees, charges and costs, referred to as 'the Delinquent Amount,' on the vehicle." Ramirez agreed to pay the delinquent amount of $1,891.75, plus an additional $610.00 in fees if she did not comply with the terms of the Agreed Order. Neither the Order nor the Agreed Order were appealed and both became final administrative orders.

As we explained in *Edmiston v. Harris County*, the Texas Transportation Code contains an enabling statute providing for the administrative procedure applicable to toll violations. *Edmiston*, 2012 WL 3612436, at *3. When that procedure results in a final administrative order establishing liability for toll road violations, fees, and charges, the administrative order is not subject to collateral attack. *Id.* at *4 ("A final judgment is generally not subject to a collateral attack due to the policy of the law which encourages finality to judgments issued by the courts. . . This principle is also applicable to administrative orders."). A party may not avoid the effect of a final administrative order by presenting evidence that she was not liable for the toll violations because that would be a collateral attack on the order. *See id.* at *4. Only void orders are subject to collateral attack, such as when it is apparent that the court rendering the judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Id.* (internal citations and quotation marks omitted). Because there is nothing in the record to suggest that the final administrative orders issued in this case are void, they are not subject to collateral attack and must be enforced. *See id.*

Harris County established its claim conclusively in the amount of $454.25 for the vehicle bearing license plate CN4F791, and in the amount of $2,183.75, for

the vehicle bearing license plate AM19152.  The trial court's judgment rendering a take-nothing judgment in favor of Ramirez must be reversed for legally insufficient evidence, and judgment rendered in favor of Harris County for $2,638.00, plus post-judgment interest as allowed by law.

In the prayer section of its brief, Harris County also asks this court to render judgment in its favor for attorney's fees in the amount of $892.16.  Harris County does not set forth a separate issue challenging the failure to award it attorney's fees and does not identify in its brief the basis for an award of attorney's fees.  Although we construe briefs liberally and require only substantial compliance with briefing rules, *see* Tex. R. App. P. 38.9, it is not the court's duty to fashion legal arguments for a party.  *Burton v. Prince*, 2019 WL 1064868, at *9 (Tex. App.—Houston [14th Dist.] Mar. 7, 2019, no pet.).  Because Harris County failed to provide substantive legal analysis, with citation to relevant authority and the record, regarding the basis of its claim for attorney's fees, we do not include attorney's fees in the judgment.

We sustain Harris County's third issue.

### CONCLUSION

Having sustained Harris County's third issue, we reverse the trial court's judgment in favor of appellee Claudia Ramirez and render judgment against Claudia Ramirez and in favor of Harris County in the amount of $2,638.00, plus post-judgment interest as allowed by law.

/s/    Jerry Zimmerer
Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan.  (Hassan, J., concurring).