ACCEPTED
15-25-00134-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/30/2025 3:48 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00134-CV

IN THE FIFTHTEENTH COURT OF APPEALS OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/30/2025 3:48:30 PM
CHRISTOPHER A. PRINE
Clerk

TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND
*Appellant/Cross-Appellee*

vs.

SOUTHWEST TEXAS JUNIOR COLLEGE
*Appellee/Cross-Appellant*

Appeal from the 38th Judicial District Court
Uvalde County, Texas, No. 2023-11-35269-CV
The Honorable Kelley T. Kimble, Presiding Judge

APPELLEE/CROSS APPELLANT'S RESPONSE BRIEF

Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Andrew D. Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com
**DUGAS & CIRCELLI, PLLC**
4800 Bryant Irvin Ct.
Fort Worth, Texas 76107
Telephone: (817) 817-7000
Facsimile:  (682) 219-0761
**ATTORNEYS FOR APPELLEE**

## IDENTITIES OF PARTIES AND COUNSEL

**Appellant:**

**Texas Association of School Boards Risk Management Fund**

Jack W. Higdon (Trial and Appellate)
State Bar No. 24007360
jack.higdon@blankrome.com
Barry Abrams (Appellate)
State Bar No. 00822700
barry.abrams@blankrome.com
Joshua A. Huber (Appellate)
State Bar No. 24065457
josh.huber@blankrome.com
Gregory J. Moore (Trial)
State Bar No. 24055999
greg.moore@blankrome.com
Christopher W. Caudill (Trial)
State Bar No. 24104717
christopher.caudill@blankrome.com

BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002-2727

Clarissa M. Rodriguez
State Bar No. 24056222
cmrodriguez@rampagelaw.com
Lori Hanson
State Bar No. 21128500
lwhanson@rampagelaw.com

DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH, P.C.
2517 N. Main Avenue
San Antonio, Texas 78212

i

**Appellee:**

**Southwest Texas Junior College**

**Counsel:**

Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Andrew D. Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com

DUGAS & CIRCELLI, PLLC
4800 Bryant Irvin Ct.
Fort Worth, Texas 76107
Telephone:   (817) 817-7000
Facsimile:   (682) 219-0761

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................v

I.  STATEMENT OF THE CASE ........................................................2

II.  THE RECORD ..........................................................................4

III.  ISSUES PRESENTED................................................................5

IV.  STATEMENT OF FACTS .........................................................6

V.  SUMMARY OF THE ARGUMENTS .........................................10

VI.  STANDARD OF REVIEW......................................................14

VII.  ARGUMENTS & AUTHORITIES ............................................16

    A.  The College's Breach of Contract Claim Falls within the waiver of Immunity for State Contracts. ...........................................16

    B.  The College's sole cause of action before the District Court was the College's breach of contract claim for which immunity has been waived. ............................................................19

    C.  The Courts in *Colorado ISD* and *Greenville ISD* affirmed that plaintiffs have the right to assert these same contractual defenses under Section 271.155 of the Act. ...................................22

        a.  Colorado ISD *and* Greenville ISD *are instructive for how the College's defenses fall within the Act's waiver of immunity.* ............................................................23

        b.  *TASB's claim that Section 271.155 is only available to defendant governmental entities goes against the statute's plain language and has been rejected.*..............................27

        c.  *The College asserts contractual defenses that Section 271.155 explicitly permits.* ............................................30

        d.  *The College's defensive claims are permitted by Section 271.155 which has been unchanged since 2005, and is*

*separate from the issue discussed by the Texas Supreme Court in* Hays Street Bridge*.* ................................................................34

D. *Zachry* only disagreed with *City of Mesquite* to the extent it and other cases allowed damages not waived under the statute; not that a trial court must parse the pleadings even where immunity has clearly been waived. .......................................................................36

E. TASB's sole evidentiary challenge was against the equitable doctrine of unconscionability, which is not a claim in this lawsuit, thus mooting the issue. ...............................................................42

CONCLUSON & PRAYER ......................................................................45

CERTIFICATE OF COMPLIANCE.......................................................48

CERTIFICATE OF SERVICE ................................................................49

# TABLE OF AUTHORITIES

**Cases**

*Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 783 (Tex. 2018)........14

*Baylor Cnty. Special Util. Dist. v. City of Seymour*, 709 S.W.3d 5, 12 (Tex. App.—Eastland 2025, pet. filed)................................................................14

*Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Casualty Joint Self-Insurance Fund*, 212 S.W.3d 320 (Tex. 2006) ........................................................................ 16, 17, 18

*Cameron Cnty. Reg'l Mobility Auth. v. Garza*, No. 13-18-00544-CV, 2019 WL 5076515 (Tex. App.—Corpus Christi–Edinburg Oct. 10, 2019, no pet.) ...............................................................................................42

*City of N. Richland Hills v. Home Town Urban Partners, Ltd.*, 340 S.W.3d 900, 909–910 (Tex. App.—Fort Worth 2011, no pet.) ................................41

*Corpus Christi Indep. Sch. Dist. v. TL Mech.*, No. 13–11–00624–CV, 2012 WL 1073299, at *3 (Tex. App.—Corpus Christi Mar. 29, 2012, pet. denied) ................................................................................................41

*Enter. Leasing Co. of Houston v. Harris Cnty. Toll Rd. Auth.*, 356 S.W.3d 85, 89–90 (Tex. App.—Houston [1st Dist.] 2011, no pet.)................... 32, 33

*H & H Sand & Gravel, Inc. v. City of Corpus Christi*, No. 13-06-00677-CV, 2007 WL 3293628, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 8, 2007, pet. denied) ....................................................... 29, 31, 32

*Hays St. Bridge Restoration Group v. City of San Antonio*, 570 S.W.3d 697, 707 (Tex. 2019) ..................................................................... 34, 35

*Hendee v. Dewhurst*, 228 S.W.3d 354 (Tex. App.—Austin 2007, pet. denied) .................................................................................................42

*Hutchins v. Prasifka*, 450 S.W.2d 829, 836 (Tex. 1970).......................................33

*Prairie View A & M University v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012).......32

*Primestar Constr., Inc. v. City of Dallas*, No. 05-17-01447-CV, 2019 WL 1033978, at *4 (Tex. App.—Dallas Mar. 5, 2019, pet. denied)....................40

*Roberts v. Haltom City*, 543 S.W.2d 75, 80 (Tex. 1976)............................................33

*Roma Indep. Sch. Dist. v. Ewing Constr. Co.*, No. 04-12-00035-CV, 2012 WL 3025927, at *2 (Tex. App.—San Antonio July 25, 2012, pet. denied) ................................................................... 21, 29, 30

*San Antonio River Auth. v. Austin Bridge & Rd., L.P.*, 601 S.W.3d 616, 630 (Tex. 2020) .................................................................................40

*San Jacinto River Auth. v. City of Conroe*, 688 S.W.3d 124, 133 (Tex. 2024).......26

*Santa Rosa Indep. Sch. Dist. v. Rigney Const. & Dev., LLC*, No. 13–12–00627–CV, 2013 WL 2949566, at *5 (Tex. App.—Corpus Christi June 13, 2013, pet. denied) .........................................................41

*Tex. Ass'n of Sch. Boards Risk Mgmt. Fund v. Colorado Indep. Sch. Dist.*, 660 S.W.3d 767 (Tex. App.—Eastland 2023, no pet.).......................... passim

*Tex. Ass'n of Sch. Boards Risk Mgmt. Fund v. Greenville Indep. Sch. Dist.*, No. 05-21-01012-CV, 2022 WL 2816532, (Tex. App.—Dallas July 19, 2022, pet. denied) ........................................................... passim

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–226 (Tex. 2004) ........................................................................... 13, 15

*Tex. Mun. League Intergovernmental Risk Pool v. City of Hidalgo*, No. 13-22-00250-CV, 2022 WL 3651986, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2022, pet. denied) ................................................. 29, 30

*Tex. Natural Res. Conservation Comm'n v. ITDavy*, 74 S.W.3d 849, 855 (Tex. 2002) .................................................................................15

*Vantage Sys. Design, Inc. v. Raymondville Indep. Sch. Dist.,* 290 S.W.3d 312 (Tex. App.—Corpus Christi 2009, pet. filed)...............................................43

**Statutes**

TEX. LOC. GOV'T CODE § 271.152 ........................................................... 7, 16, 37

TEX. LOC. GOV'T CODE § 271.153 ....................................................... 10, 34

TEX. LOC. GOV'T CODE § 271.155 ................................................. passim

**Rules**

TEX. R. CIV. P. 54 ................................................................ 12, 22, 26

# STATEMENT REGARDING ORAL ARGUMENT

Appellee/Cross-Appellant respectfully states oral argument is unnecessary pursuant to Rule 39.1(b)-(d) and will not aid the Court for the following reasons:

(1)    The facts and legal arguments are adequately presented in the briefs and record.

(2)    The decisional process would not be significantly aided by oral argument given the clear mandate from the Legislature.

# I.

## STATEMENT OF THE CASE

**Nature of the Case:** This interlocutory appeal arises out of the partial granting of a partial plea to the jurisdiction presented by an intergovernmental self-insurance risk pool, Texas Association of School Boards Risk Management Fund (hereinafter "TASB" or "the Fund"). The case concerns the TASB's breach of contract for failure to pay amounts due to repair property damage of Southwest Texas Junior College ("SWTJC" or "the College") under a property coverage agreement that functions similar to an insurance contract. TASB failed to comply with the Policy and denied the majority of the College's claim for covered damages preventing the College from even complying with any other duty under the coverage agreements. Because of TASB's failure to comply with the Policy in paying the amount owed for covered property damages, the College filed a breach of contract action against TASB asking for actual damages, attorney's fees, and consequential damages for the increased cost of construction due to the delayed payment.

**Procedure of the Case:** The College sued TASB on November 17, 2023. TASB asserted its governmental immunity from suit in a partial plea to the jurisdiction on June 13, 2025 ("Jurisdictional Plea"). CR 31.

The College responded to TASB's Jurisdictional Plea on July 15, 2025. The trial court held a hearing on TASB's Jurisdictional Plea and the College's MSJ

2

on July 21, 2025. The trial court partially denied and partially granted TASB's partial plea to the jurisdiction in an order signed on June 29, 2025. CR 137–138.

**Trial Court:** The 38th Judicial District Court of Uvalde County, Texas, Honorable Kelley T. Kimble, Presiding Judge. The underlying cause of cause is docketed by the District Court as Cause No. 2023-11-35269-CV.

**Trial Court Disposition:** The trial court partially denied and partially granted TASB's plea to the jurisdiction in an order signed on June 29, 2025. CR 137–138.

## II.

## THE RECORD

The record consists of two sets of the Clerk's Record, an original Clerk's Record and a Supplemental Clerk's Record, containing the filings, orders and other contents of the district court's docket and a Reporter's Record containing the transcript of a hearing, both in .pdf format. Citations to the Original Clerk's Record will be in the form "CR{Page(s)}". Citations to the Supplemental Clerk's Record will be in the form of "Supp. CR{Page(s)}". Finally, citation to the Reporter's Record as "RR{Page(s)}", where the page designations shall be to the electronic pagination of the .pdf file for record for ease of location.

## III.

## ISSUES PRESENTED

The issue in Appellant/cross-Appellee's interlocutory appeal is:

**Issue 1:** Is the College able to assert common law contractual defenses, like waiver of contractual provisions, in response to TASB's contractual defenses under TEX. LOC. GOV'T CODE §§ 271.151, et. seq. (the "Act") given the Act's express statement that it does "does not waive a defense or a limitation on damages available to a party to a contract, other than a bar against suit based on sovereign immunity." *Id.* at 271.155.

## IV.

## STATEMENT OF FACTS

This interlocutory appeal is taken from the partial granting of a partial plea to the jurisdiction based on the pleadings.[1] When a plea to the jurisdiction challenges only the pleadings, this Court determines "if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear and decide the cause" accepting the allegations in the pleadings as true and "liberally constru[ing] the pleadings, accept as true all factual assertions, and look to the pleader's intent."[2]

Those pleaded facts are as follows:

The College owns real property in Uvalde, Uvalde County, Texas that include multiple buildings (the "Property").[3] The College's Property was insured at the time under a coverage agreement issued by TASB that functions as a policy of insurance.[4] The policy is issued under the auspices of an interlocal agreement by which the College became a member of TASB originally executed in August 2012.[5] TASB is a risk sharing pool among various local government subdivisions operating under

---

[1] *See* CR 137–138.

[2] *Tex. Ass'n of Sch. Boards Risk Mgmt. Fund v. Colorado Indep. Sch. Dist.*, 660 S.W.3d 767, 771 (Tex. App.—Eastland 2023, no pet.).

[3] CR 5.

[4] *See* CR 6 ("TASB and Plaintiff entered into a contract" for insurance coverage for property damaged); *see also* CR 9–10.

[5] CR 6; *see also* CR 56–60.

the Texas Interlocal Cooperation Act.[6]

The College's Property was hit by a significant wind and hail-storm on or about April 28, 2021 during the coverage period with TASB.[7] The College immediately notified TASB of the loss that same day (the "Claim").[8] TASB assigned a staff adjuster with TASB to administer the Claim.[9] TASB then  assigned the investigation of the Claim to a private insurance adjusting company and others to adjust the claim on TASB's behalf.[10]

TASB purported to investigate the Claim but ultimately determined the majority of the College's Property was not damaged as a result of the hail storm[11] Following TASB's decision the College sued TASB on November 17, 2023 solely for breach of contract alleging the insurance policy was a contract that fell within the statutory waiver of sovereign immunity that permits the prosecution of breach of contract actions against governmental entities.[12] The College's Original Petition asserted factual allegations describing TASB's actions and conduct that gave rise to

---

[6] CR 56–60; CR 31–32 (admitting the "Fund" or TASB is "a governmental unit formed under the Texas Interlocal Cooperation Act.").

[7] CR 9–10, 31.

[8] CR 10.

[9] *See* CR 10.

[10] CR 10.

[11] CR 11–12.

[12] CR 12–13; *see* TEX. LOC. GOV'T CODE § 271.152.

the College's breach of contract cause of action.[13]

Based on the College's breach of contract cause of action, the College sought actual damages for the breach (consisting of unpaid coverage benefits owed under the insurance policy, attorney's fees and interest), as well as consequential "delay" damages for the "increased costs of construction and other related consequential damages" due to TASB's breach of the contract.[14] Specifically, the College sought the "Replacement Cost" ("Replacement Cost Value" or "RCV") amount for the covered damages owed and due under the contract.[15]

The College further alleged that TASB's conduct in substantially underestimating the amount of the loss and refusal to pay the full amount of the Claim, excused the College from meeting certain alleged conditions for payment of the coverage benefits under the insurance policy, or in the alternative that "[a]ll conditions precedent required under the Agreement and law [had] been performed" or that TASB had "excused [and] waived" conditions precedent in support for the College's breach of contract claim, and as a defense to TASB's likely affirmative defense of unsatisfied conditions precedent.[16]

---

[13] CR 8–13.

[14] CR 11–12 at ¶¶34, 38–42.

[15] CR 61 (Coverage Summary limiting the recoverable amount for the replacement cost value of Property damage per occurrence to $124,721,000.00).

[16] CR 20 at ¶83; *see also* CR 11 at ¶30–31.

The College's Original Petition also included factual allegations describing the College's conduct supporting compliance with TASB's likely affirmative defense of unsatisfied conditions precedent.[17] The College also asserted factual allegations alternatively supporting defenses of waiver and estoppel against TASB's likely affirmative defense of unsatisfied conditions precedent.[18]

TASB has pled a number of conditions precedent in response to the College's claim for payment including allegations that the College failed to timely notify TASB of all claims or of the claim within thirty days, failed to fully cooperate and assist TASB in its investigation, failed to repair or replace the damaged property within 365 days, among others.[19] As a result, TASB asserts the College is barred from recovering on its Claim for covered damages.[20]

Without the College's defenses the College would be at an unjust disadvantage in recovering the monies owed under its Agreements with TASB for covered storm damages. All that remains is the College's breach of contract cause

---

[17] *See* CR 11 at ¶31 (factually contesting allegations in TASB's November 2023 letter of the College's non-compliance).

[18] *See* CR 11 at ¶¶29–30 (raising representations made by TASB and its agents excusing or waiving performance); *see also* CR 11–12 at ¶34 ("Plaintiff has been unable to make all repairs to the Campus because of TASB's prior material breach of failing to pay the amounts due . . . thus preventing Plaintiff from performing under the Agreement.").

[19] *See* CR 46–51 (claiming TASB is not liable alleging the College failed to comply with the contract).

[20] *See* CR 46–51.

of action and the factual allegations supporting its breach of contract claim and defenses.[21] As part of its breach of contract claim the College is also seeking damages expressly permitted under Section 271.153 of the Texas Local Government Code (allowing for recovery of consequential damages "for the increased cost to perform the work as a direct result of owner-caused delays . . . .").[22]

The 38th District Court found the College's breach of contract claim fell within the statute's waiver of immunity, that the factual allegations and defenses went to the merits of the College's breach of contract claim and were encompassed within the statute's waiver.[23] However, the trial court denied the College's right to the consequential damages allowed under Section 271.153 which this Court should correct and clarify that the specific consequential damages being sought is permitted under the law.[24]

## V.

## SUMMARY OF THE ARGUMENTS

The College has asserted one cause of action against TASB — Breach of Contract. On this cause of action alone the College seeks to hold TASB accountable

---

[21] RR 10:19–22.

[22] *See* TEX. LOC. GOV'T CODE § 271.153(a)(1).

[23] *See* CR 137–138.

[24] *See* CR 137.

for its failure to comply with its obligations, representations, promises pursuant to the Interlocal Participation Agreement and Property Coverage Agreement (the "Agreements").[25] Pursuant to the Agreements, TASB promised to pay for the amount of the "Direct Physical Loss (Loss) to Covered Property" that is in excess of all applicable deductibles and within the limits of coverage.[26]

TASB purported to investigate the College's Claim for a lengthy period of time before ultimately denying the overwhelming majority of the College's claim for damages, and this massive delay increased the College's breach of contract damages.[27] As a result, the College was forced to file its lawsuit against TASB for breach of contract to recover the benefits owed pursuant to the Policy.[28] In doing so, the College made factual allegations and assertion**s** that TASB's failure to pay the amount owed pursuant to the contract has resulted in damages that were a direct, foreseeable consequence of the breach, such as the increased costs for construction to repair the owed for damages. As a result, the College plead that it was seeking consequential damages based on TASB's delays, including for these "increased

---

[25] CR 6 at ¶3; CR 8–13; *see generally* CR 56–102 (Coverage Agreements).

[26] CR 12 at ¶37; CR 61 ("PROPERTY Risk of Direct Physical Loss to Buildings, Personal Property, and Other Structures"); CR 67 ("[T]he Fund agrees to pay the Fund Member over any deductible for Direct Physical Loss (Loss) to Covered Property.").

[27] CR 10–12.

[28] CR 12–13.

costs of construction."[29]

Throughout the Claim, Defendant committed acts and made statements that waived the enforcement of various contractual provisions or conditions precedent. The College alleged TASB waived various policy provisions and is estopped from asserting numerous other policy provisions in the Coverage Agreement, such as the 30-day notice of damages requirement and the 365-day repair requirement due to Defendant's own delays.[30] For example, the College asserted it seeks to recover the RCV benefits under the policy as its measure of damages, and Defendant has asserted the College may not recover this benefit because of an alleged failure to meet a 365-day repair condition to be entitled to RCV damages.[31] Therefore, the College must defend against this affirmative defense through evidence of satisfaction, or through evidence of defenses showing waiver or estoppel of this and other conditions precedent raised by Defendant (such as not even paying the ACV amounts due, thus preventing the College from making necessary repairs).[32]

---

[29] CR 11 at ¶34.

[30] *See* CR 8–11; CR 20 at ¶83 (listing Defendant's acts that form the basis of Plaintiff's defensive claims as well as the College's satisfaction of all conditions precedent, or in the alternative, their waiver or excusal from performance).

[31] *See* CR 45 at 45 at ¶32(f) (claiming bar to recovery based on an alleged unsatisfied condition precedent).

[32] *See* Tex. R. Civ. P. 54 (once the plaintiff meets rule 54, the burden of denying a specific condition precedent has been met is on the defendant).

12

Defendant mischaracterizes the College's contractual defenses as prohibited separate claims despite the College asserting no other cause of action other than its breach of contract claim. Further, the context of the College's allegations clearly reveal the nature of the College's waiver and estoppel claims to be defensive rather than offensive, especially in light of the fact that the College is not seeking separate affirmative relief for these defenses outside of its breach of contract claim.[33] Because section 271.155 of the Act *explicitly permits* contractual defenses for any party to a contract, the College is within its rights to assert such defenses in proving its breach of contract claim.[34]

In sum, the College is pursuing its breach of contract claim and no other claim for affirmative relief. The complained of additional claims by TASB either do not exist because they have never been alleged or are simply factual allegations underpinning the contractual defenses the College is *explicitly permitted to assert* under section 271.155 of the Texas Local Government Code.[35] TASB ignores the rationale if sister appellate court in *Colorado ISD*, *Greenville ISD*, and *Roma ISD* that have found contractual defenses are explicitly permitted and maybe asserted as

---

[33] *See* CR 12–13.

[34] Tex. Loc. Gov't Code § 271.155.

[35] *See* TEX. LOC. GOV'T CODE § 271.155; CR 8–13 at ¶¶12–42 (claiming only breach of contract).

permitted under Section 271.155 of the Act.[36] The *Colorado ISD* Court specifically rejected TASB's characterization of that school's "waiver and estoppel assertions as 'extra-contractual equitable claims'" as well as TASB's assertion that it was immune from these defensive claims.[37] The *Colorado ISD* Court found the school district's waiver and estoppel assertions were not "claims" nor "extra-contractual" in nature, but were "in context and application, *defenses*."[38] As a result, the *defenses* like waiver and estoppel accompanying the College's breach of contract claim may also be asserted because Section 271.155 encompasses these defenses in the Act's waiver of immunity under Section 271.152.[39]

## VI.

## STANDARD OF REVIEW

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction.[40] "The purpose of a plea to

---

[36] *See Colorado ISD*, 660 S.W.3d at 775; *Greenville ISD*, 2022 WL 2816532, at \*4; *City of Hidalgo*, 2022 WL 3651986, at \*5–6; *H & H Sand & Gravel, Inc.*, 2007 WL 3293628, at \*4 ("Graham is allowed to raise defenses to the contract, including the contractual notice requirements."); *Roma ISD*, 2012 WL 3025927, at \*2 (concluding immunity was waived based on fact issue concerning whether the "notice that was given and the actions taken in response waived compliance with contractual requirements, procedures, and provisions").

[37] *Colorado ISD*, 660 S.W.3d at 772.

[38] *Id.*

[39] *Id.*; *see also Greenville ISD*, 2022 WL 2816532, at \*3–4.

[40] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–226 (Tex. 2004).

14

the jurisdiction is to defeat ***a pleaded cause of action*** without reaching the merits."[41]

"A plea to the jurisdiction can take two forms: (1) a challenge to the plaintiff's pleadings regarding the allegations of jurisdictional facts or (2) an evidentiary challenge to the existence of jurisdictional facts."[42]

"When the plea only challenges the plaintiff's pleadings, as in the case [here], [the Court] must determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear and decide the case."[43] Courts review "liberally constru[ing] the pleadings, accept[ing] as true all factual assertions, and look[ing] to the pleader's intent."[44] If the allegations raise a fact issue then "a trial court may not grant the plea because the fact finder must resolve the fact issue."[45] However, if there is no fact issue, then the trial court "will rule on the plea as a matter of law."[46] Ultimately, whether a court has subject matter jurisdiction is a

---

[41] *Colorado ISD*, 660 S.W.3d 767, 771 (Tex. App.—Eastland 2023, no pet.) (emphasis added).

[42] *Baylor Cnty. Special Util. Dist. v. City of Seymour*, 709 S.W.3d 5, 12 (Tex. App.—Eastland 2025, pet. filed).

[43] *See Baylor Cnty. Special Util. Dist. v. City of Seymour*, 709 S.W.3d 5, 12 (Tex. App.—Eastland 2025, pet. filed); *see also Colorado Indep. Sch. Dist.*, 660 S.W.3d at 770–771 (noting TASB's plea to the jurisdiction was non-evidentiary challenge); *Greenville ISD*, 2022 WL 2816532, at *2 (same); *cf. Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 783 (Tex. 2018) (noting Alamo Heights' plea challenged jurisdictional facts by "producing evidence" challenging specific claims by plaintiff).

[44] *See Colorado Indep. Sch. Dist.*, 660 S.W.3d at 771.

[45] *Id.*

[46] *Id.*

15

question of law that is reviewed de novo.[47]

Here TASB's jurisdictional plea does not challenge the existence of "jurisdictional facts" but instead challenged certain defenses plead in the face of the College's Petition.[48] Because TASB did not raise an evidentiary challenge to the existence of jurisdictional facts in its Partial Plea to the Jurisdiction all that is before this Court is to "determine if the [College] has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear and decide the cause."[49]

However, to the extent the trial Court's Order granting the College's Partial Motion for Summary Judgment raised a jurisdictional fact issue that Appellant has now appealed, then the proper standard for review mirrors that of a traditional summary judgment.[50]

## VII.

## ARGUMENTS & AUTHORITIES

**A.    The College's Breach of Contract Claim Falls within the waiver of Immunity for State Contracts.**

---

[47] *Tex. Natural Res. Conservation Comm'n v. ITDavy*, 74 S.W.3d 849, 855 (Tex. 2002).

[48] CR 37–45 (challenging the College's extracontractual claims, extra-contractual damages claims, and equitable relief claims allegedly made in the College's petition).

[49] *Colorado ISD*, 660 S.W.3d at 771.

[50] *Miranda*, 133 S.W.3d at 225–26 ("[I]f the plaintiffs' factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction.").

16

As an initial matter, the interlocal risk sharing pools like the one operated by TASB that controls here[51], and a trial court's jurisdiction for claims by a Fund Member of the agreement for non-payment of coverage benefits has already been addressed by the Texas Supreme Court in *Ben Bolt-Palito Blanco Consolidated Independent School District v. Texas Political Subdivisions Property/Casualty Joint Self-Insurance Fund*.[52] In *Ben Bolt-Palito Blanco CISD*, the court held that a breach of contract claim for payment of insurance proceeds against a self-insured interlocal risk pool — like the one in this case — fall within the statutory waiver of sovereign immunity at Section 271.152.[53]

TASB concedes, as it now must, that immunity to the College's breach of contract claim and claim for actual damages are waived under Section 271.152 of the Texas Local Government Code because the text provides a clear and unambiguous waiver of TASB's immunity for such claims. *Id.* The statute provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.[54]

---

[51] *See* App. B.

[52] *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Casualty Joint Self-Insurance Fund*, 212 S.W.3d 320 (Tex. 2006).

[53] *Ben Bolt-Palito Blanco CISD*, 212 S.W.3d at 323.

[54] Tex. Loc. Gov't Code § 271.152.

The Texas Supreme Court has concluded: "The statute's plain language allows for enforcement of contracts against local governmental entities by waiving their immunity from suit."[55] TASB in that case tried to argue that the waiver in Section 271.152 did not apply to self-insurance funds, but the court squarely rejected that contention:

> There is no indication that the Legislature intended to exclude self-insurance fund agreements from enforcement. While the mere act of self-insuring does not itself constitute a waiver of immunity, *see* Tex. Gov't Code §2259.031, entering into 'a written contract stating the essential terms of [an] agreement for providing goods or [insurance] services to [a] local governmental entity' clearly does.[56]

There is no doubt that this case is pled against TASB on the basis of a breach of a written contract stating the essential terms of an agreement for providing insurance services to a local governmental entity as clearly stated in Plaintiff's Original Petition.[57] Thus, without question, TASB's immunity is waived for the College's breach of contract action seeking contractual damages and attorneys' fees under Subchapter I of Chapter 271 of the Texas Local Government Code as a matter

---

[55] *Ben Bolt-Palito CISD*, 212 S.W.3d at 327.

[56] *Ben Bolt-Palito CISD*, 212 S.W.3d at 327.

[57] CR 6, at ¶¶3, 18–20; CR 12 at ¶¶35–42; *see also* CR 56–66 (Interlocal Participation Agreement); CR 67–102 (Property Coverage Agreement).

of law.[58] TASB concedes, in an obtuse manner, that the College's breach of contract claim falls within the statutory waiver of sovereign immunity.[59] This is further exemplified by TASB only filing a partial plea to the jurisdiction.[60]

Therefore, to the extent that the College's factual allegations and defenses are in support of the College's breach of contract claim and do not seek separate relief, immunity has been waived.[61]

**B.      The College's sole cause of action before the District Court was the College's breach of contract claim for which immunity has been waived.**

The College's sole cause of action in this lawsuit that was before the District Court was its claim for breach of contract. All other possible causes of action that TASB complains of have never been asserted as a claim and the College has ultimately never sought relief under any legal theory other than its breach of contract cause of action.

The College has never asserted many of the causes of action that TASB complains of nor alleged or sought separate relief for many of the extra-contractual

---

[58] *Colorado ISD*, 660 S.W.3d at 771 ("[I]t is undisputed that the Fund is a local governmental entity subject to the provisions of the Act, and that the self-insurance policy held by CISD as a member of the Fund is a contract that falls under the Act's waiver of governmental immunity."). *See Ben Bolt-Palito Blanco CISD*, 212 S.W.3d at 322–323.

[59] Appellant/Cross-Appellee's Brief at 23–24, 28.

[60] *See generally* CR 35–43 (leaving out any challenge to the College's breach of contract claim).

[61] *Colorado ISD*, 660 S.W.3d at 773.

claims, equitable relief, or made claims for non-contractual damages.[62] For example, the College never pled as a separate claim or sought relief for fraud and has never sought "exemplary, and treble damages" despite TASB's assertions.[63] Many of the "claims" TASB complains of merely factual allegations or defensive theories asserted by the College to support its breach of contract claim.[64]

The crux of TASB's Partial Plea to the Jurisdiction actually challenged whether the College may assert any facts that go toward defensive claims in support of the College's breach of contract cause of action as a means to rebut TASB's affirmative defenses.

At the hearing, TASB affirmed the College's right to bring a breach of contract claim against TASB.[65] In fact, TASB represented to the trial court that this is "a very simply case of: was there damage? If so, how much and was it covered by the Policy?"[66] But TASB has continued to assert numerous affirmative defenses, such as unsatisfied conditions precedent, that TASB alleges bars the College

---

[62] *See, e.g.*, CR 38 at ¶20 (claiming the College seeks to recover based on tortious allegations of fraud, bad faith liability, exemplary damages, and treble damages).

[63] *Compare* CR 42 (subsection c); CR 43 (subsection e), *with* CR 13 at ¶41.

[64] CR 8–13 at ¶¶12–42; *see also* CR 20 at ¶83.

[65] RR 5:3–11.

[66] RR 5:12–16.

recovery under its breach of contract claim.[67] TASB even goes as far to allege that the College failed as a condition precedent to provided notice of the loss and thus may not recover under any coverage agreement.[68] TASB has unabashedly continued to maintain such affirmative defenses even though TASB admits in its own brief that the College "notified the Fund of a claim on April 28, 2021"[69] which was the **same day** that the hail storm hit and damaged the College's Property.[70]

In an attempt to avoid facing this and similar unfavorable facts TASB misconstrues the College's defensive factual allegations that simply rebut TASB's affirmative defenses and instead claims these factual allegations as separate legal claims for relief. TASB instead suggests the College, nor anyone for that matter, may assert such defenses and facts in support of a breach of contract claim or to rebut a defendant's affirmative defenses giving defendants like TASB the final say of what a jury will hear at trial.

In spite of TASB's wishes, a plain reading of the Act clearly states defenses are permissible, and an unobjective reading of the College's Original Petition further shows that College asserts no other theory of recovery against TASB other than its

---

[67] CR 46 at ¶32

[68] CR 46 at ¶33.

[69] Appellant's Brief at 13.

[70] CR 31 at ¶1.

breach of contract claim. As further explained below, the College's defenses and factual allegations in support of its breach of contract claim are permissible and the trial court did not err in partially denying TASB's Plea to the Jurisdiction.

**C.** **The Appellate Courts in *Colorado ISD* and *Greenville ISD* affirmed that plaintiffs have the right to assert these same contractual defenses under Section 271.155 of the Act.**

Numerous appellate courts have reviewed breach of contract lawsuits against non-municipal governmental entities — including TASB itself — and found Section 271.155 of the Act explicitly permits plaintiffs like the College to assert "defenses that are available to any party to a contract, such as the parties here."[71]

In fact, two appellate courts have already resolved this specific issue in favor of two school districts suing TASB that asserted, in addition to their breach of contract claims, defenses identical to the College in response to TASB's affirmative defense of unsatisfied conditions precedent.[72] As discussed below, these cases are indistinguishable from this case in that, similar to the College, each school district filed a breach of contract lawsuit against TASB for failure to pay for property

---

[71] *Colorado ISD*, 660 S.W.3d at 773; *Greenville ISD*, No. 05-21-01012-CV, 2022 WL 2816532, at *4 (Tex. App.—Dallas July 19, 2022, pet. denied); *see also Roma Indep. Sch. Dist. v. Ewing Constr. Co.*, No. 04-12-00035-CV, 2012 WL 3025927, at *2 (Tex. App.—San Antonio July 25, 2012, pet. denied) (mem. op. on reh'g) (citing *Guzman v. Ugly Duckling Car Sales of Tex., L.L.P.*, 63 S.W.3d 522, 528 (Tex. App.—San Antonio 2001, pet. denied)).

[72] *Colorado ISD*, 660 S.W.3d, at 773; *Greenville ISD*, 2022 WL 2816532, at *4.

damages caused by a hail and wind storm.[73] In doing so, each school district was met with TASB's affirmative defenses claiming unsatisfied conditions precedent which allegedly partially for fully bared each school district's recovery under their breach of contract claims.[74]

**a. _Colorado ISD_ and _Greenville ISD_ are instructive for how the College's defenses fall within the Act's waiver of immunity.**

It is important to note at the outset that the College's defenses are being raised as exceptions/defenses to conditions precedent raised by TASB in its pleadings.[75] Thus, these are not "extra-contractual" claims or damages. Nor are they an attempt to rewrite the terms of the insurance policy or to impose liability outside the terms of the policy. ***They are defenses*** to the enforcement of conditions precedent asserted by TASB as a partial and complete bar to recovery in a breach of contract claim. These defenses are permissible under the law and are not exceptions that TASB is immune to.[76] This is because these defenses ***go directly to the merits of the breach of contract claim***, and are defenses that Section 271.155 of the Act explicitly states

---

[73] _Colorado ISD_, 660 S.W.3d, at 769–770; _Greenville ISD_,2022 WL 2816532, at *1.

[74] _Colorado ISD_, 660 S.W.3d, at 769–770; _Greenville ISD_,2022 WL 2816532, at *1.

[75] _See_ TEX. R. CIV. P. 54 (once the plaintiff meets rule 54, the burden of denying a specific condition precedent has been met is on the Appellant).

[76] _Greenville ISD_, 2022 WL 2816532, at *4 ("Greenville has therefore affirmatively demonstrated the trial court's jurisdiction to hear its sole claim for breach of contract, including the subsidiary theories that support the contract claim.") ; _Colorado ISD_, 660 S.W.3d at 775 ("We hold, like our sister court in _Greenville_, that the Act specifically preserves CISD's ability to raise its defensive theories of waiver and estoppel in the underlying suit.").

23

are "available to a party to a contract."[77]

Both the Dallas Court of Appeals and the Eastland Court of Appeals have already addressed whether these defenses are permitted in this context and found such defenses are permitted pursuant to Section 271.155 of the Act. The Eastland Court of Appeals in *Colorado ISD* summarized that the immunity waiver dispute before it was identical to the immunity waiver dispute in *Texas Association of School Boards Risk Management Fund v. Greenville Independent School District* stating:

> In *Greenville*, [TASB] appealed the trial court's denial of its partial plea to the jurisdiction on the grounds that the school district had raised three "extracontractual claims—waiver, estoppel, and unconscionability—for which there was no waiver of immunity" under the Act. In affirming the trial court's denial of [TASB]'s plea, the *Greenville* court held that, pursuant to Section 271.155, the school district's defensive assertions of waiver and estoppel defeated [TASB]'s condition precedent defense to the school district's breach of contract claim that [TASB] had asserted in its plea. The court further noted, importantly, that Section 271.155 provides that the Act does not waive defenses that are available to a party to a contract.[78]

The *Colorado ISD* Court "agree[d] with this rationale."[79] Specifically, the *Colorado ISD* Court completely rejected TASB's characterization of the school district's "waiver and estoppel assertions as 'extra-contractual equitable claims'"

---

[77] *See* TEX. LOC. GOV'T CODE § 271.155.

[78] *Colorado ISD*, 660 S.W.3d, at 771–772 (citations omitted).

[79] *Id.* at 772.

and TASB's assertion that it was immune from these "claims".[80] The *Colorado ISD* Court instead noted that the manner in which the school district pled waiver and estoppel were not "claims" nor "extra-contractual" in nature, but were "in context and application, *defenses*."[81]

Both the *Colorado ISD* and *Greenville ISD* Courts found the "relevant inquiry [to be] whether the claim, defense, or remedy asserted meets the parameters and scope of the immunity language in Section 271.152 of the Act."[82] The *Colorado ISD* Court even noted that the "equitable nature of an asserted claim, defense, or remedy is immaterial to the question of whether they fall within the Act's waiver of immunity."[83]

Essentially, both Courts determined that where a party's cause of action falls within the waiver of immunity at Section 271.152 — like the school district's breach of contract claims — then accompanying *defenses* may also be asserted because Section 271.155 encompasses these defenses in the Act's waiver of immunity.[84]

---

[80] *Id.*

[81] *Id.*

[82] *Id.*; *see also Greenville ISD*, 2022 WL 2816532, at *3 ("Under section 271.152 of the Act, Greenville triggered a waiver of immunity when it pleaded a contract claim against a local government entity within the meaning of the Act. Under *City of Mesquite*, Greenville's defensive theories benefit from the same waiver of immunity.") (citations omitted).

[83] *Colorado ISD*, 660 S.W.3d, at 772–73.

[84] *Id.*; *see also Greenville ISD*, 2022 WL 2816532, at *3–4.

As a result, jurisdiction pursuant to §271.152 extends to the College's defenses against Defendant's affirmative defenses to the College's breach of contract clam.[85] An example would be the College's defense that Defendant is estopped from asserting or has waived certain provisions of the insurance policy (the contract) including the 30-day notice requirement and the 365-day repair requirement due to Defendant's long delay in actually inspecting and making a claim determination and further failing to pay the full amount owed under the Policy so the College could complete repairs.[86]

For example, the College has sought to recover replacement cost value ("RCV") benefits under the policy as its measure of damages, and Defendant has asserted the College may not recover because of an alleged failure to meet the Policy's requirement to repair the damages within 365 days to be entitled to RCV damages.[87] Therefore, the College must defend against this affirmative defenses through defenses of waiver, estoppel, and other raised defenses. *See* Tex. R. Civ. P. 54 (noting once the plaintiff meets rule 54, the burden of denying a specific

---

[85] *See Greenville ISD*, 2022 WL 2816532, at *4 ("Greenville has therefore affirmatively demonstrated the trial court's jurisdiction to hear its sole claim for breach of contract, including the subsidiary theories that support the contract claim.").

[86] *See* CR 8–11 at ¶¶12–34(listing Defendant's acts that form the basis of Plaintiff's defensive claims); *see also* CR 20 at ¶83.

[87] CR 45 at ¶32(f).

condition precedent has been met is on the defendant).

Notably, the College "does not allege any other basis for relief or contend that [TASB] face[s] liability for any other reason other than" TASB's failure to pay the College for the covered damages to the College's Property and thus breach of contract.[88] Thus, the College's assertions of performance, being excused, waiver, estoppel, or other defenses are not "extra-contractual" claims or damages or an attempt to rewrite the terms of the insurance policy or to impose liability outside the terms of the policy.[89] They are merely the College's ***defenses*** to the enforcement of conditions precedent asserted by Defendant as to bar recovery in the College's breach of contract claim which is permissible under the law.[90]

### b. TASB's claim that Section 271.155 is only available to defendant governmental entities goes against the statute's plain language and has been rejected.

To try and get around Section 271.155's plain language allowing the

---

[88] *See San Jacinto River Auth. v. City of Conroe*, 688 S.W.3d 124, 133 (Tex. 2024); *see also* CR 120 (requesting relief under the College's breach of contract claim for TASB's failure to pay for covered damages as agreed to).

[89] CR 20 at ¶83 (alleging all "conditions precedent required under the Agreement and law have been performed, excused, waived, or otherwise satisfied by Plaintiff"); *see also* CR 8–11 at ¶¶12–34.

[90] *See Greenville ISD*, 2022 WL 2816532, at *4 ("Greenville has therefore affirmatively demonstrated the trial court's jurisdiction to hear its sole claim for breach of contract, including the subsidiary theories that support the contract claim."); *Colorado ISD*, 660 S.W.3d at 775 ("We hold, like our sister court in Greenville, that the Act specifically preserves CISD's ability to raise its defensive theories of waiver and estoppel in the underlying suit."); TEX. R. CIV. P. 54; TEX. LOC. GOV'T CODE § 271.155.

College's defenses as a party to the contract, TASB next suggests Section 271.155's preservation of defenses and ability to assert such defenses is only available to a governmental entity.[91]

The *Colorado ISD* Court squarely rejected TASB's same argument that Section 271.155 only permits defenses to governmental entities finding:

> The Fund's argument is misplaced. On the contrary, nothing in the language of Section 271.155 indicates that "available defenses" may only be invoked by a governmental entity. Section 271.155 simply states that the Act "does not waive a *defense* or a limitation on damages available to *a party to a contract*." Here, because there is no dispute that CISD is a party to the contract at issue, it may avail itself of the protections and remedies provided by Section 271.155.[92]

The *Colorado ISD* Court continued by noting TASB's argument was pointless in this context because "even if [TASB] were correct in its assertion, its argument would fail because CISD, as a school district, is a political subdivision of the State and therefore entitled to assert and rely on the same statutory protections and defenses afforded to other governmental entities."[93]

---

[91] *See* Appellant's Brief at **Section VI.C.1.d.iii.**

[92] *Colorado ISD*, 660 S.W.3d at 773 n.4 (citing TEX. LOC. GOV'T CODE § 271.155; *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011); *Goodson v. City of Abilene*, 295 S.W.3d 692, 694 (Tex. App.—Eastland 2009, no pet.)).

[93] *Colorado ISD*, 660 S.W.3d at 773 n.4 (citing TEX. LOC. GOV'T CODE § 271.155; *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011); *Goodson v. City of Abilene*, 295 S.W.3d 692, 694 (Tex. App.—Eastland 2009, no pet.)).

TASB here makes the same argument but now asserts an additional theory. That not only was Section 271.155 only intended to be raised by a government entity, but specifically by a *defendant* governmental entity.[94] But again, the reasoning of the *Colorado ISD* Court still applies. "[N]othing in the language of Section 271.155 indicates that 'available defenses' may only be invoked by a governmental entity" let alone a defendant governmental entity.[95] Rather, the plain language of the statute — "a defense . . . available to a party to a contract" — clearly states that *any party to a contract*, even a plaintiff, may assert a defense.[96]

TASB's request to ignore the statute's clear and unambiguous language would defeat the Act's legislative purpose to "bring fairness to business relationships between contractors and local government entities, thus encouraging top contractors to take on government contracts."[97] Plaintiffs suing government entities for simple breach of contract claims would be unable defend against wrongful acts and unfair contracts discouraging ever entering into governmental contracts due to risk alone.[98] Plaintiffs could even be subject to otherwise clearly unenforceable provisions such

---

[94] *See* Appellant's Brief at **Section VI.C.1.d.iii.**

[95] *Colorado ISD*, 660 S.W.3d at 773 n.4.

[96] TEX. LOC. GOV'T CODE § 271.155.

[97] Appellee's Appx. A.

[98] *See id.*

as venue selection clauses that are not authorized by Texas law.[99] Further, risk pools like TASB would be entitled to act contrary to their contractual obligations without consequence while simultaneously requiring plaintiff government entities', like the College, compliance with every provision virtually guaranteeing a bar to recovery.[100]

In summary, TASB's claim that Section 271.155 only allows defendant government entities to raise defenses is unsupported by the plain language of the statute, is unsupported by the purpose of the Act, and has been rejected by several courts.[101]

### c. The College asserts contractual defenses that Section 271.155 explicitly permits.

Section 271.155 unambiguously encompasses the College's contractual defenses within the Act's waiver of immunity overcoming the "general rule"

---

[99] *See Tex. Mun. League Intergovernmental Risk Pool v. City of Hidalgo*, No. 13-22-00250-CV, 2022 WL 3651986, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2022, pet. denied) (holding City of Hidalgo was able to assert its defense of an unenforceable venue provision in its lawsuit against the Risk Pool because Section 271.155 "does not waive a defense available to a party to a contract.") (citing TEX. LOC. GOV'T CODE § 271.155).

[100] *Cf. id.* at *11 (finding City of Hidalgo's waiver defense permissible thereby preventing the Risk Pool rom enforcing "the proof-of-loss provision in the Coverage Document" due to the Risk Pool's payment of "benefits prior to receiving as sworn proof of loss.").

[101] *Colorado ISD*, 660 S.W.3d at 775; *Greenville ISD*, 2022 WL 2816532, at *4; *City of Hidalgo*, 2022 WL 3651986, at *5–6; *H & H Sand & Gravel, Inc. v. City of Corpus Christi*, No. 13-06-00677-CV, 2007 WL 3293628, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 8, 2007, pet. denied) ("Graham is allowed to raise defenses to the contract, including the contractual notice requirements."); *Roma ISD*, 2012 WL 3025927, at *2 (concluding immunity was waived based on fact issue concerning whether the "notice that was given and the actions taken in response waived compliance with contractual requirements, procedures, and provisions").

preventing equitable affirmative claims of estoppel and waiver against governmental entities because the statue.

As discussed above, the college is not asserting separate equitable affirmative claims for relief but merely contractual defenses allowed under Section 271.155.[102] Shockingly, TASB again ignores the rationale in *Colorado ISD*, *Greenville ISD*, *Roma ISD* and other cases that have found contractual defenses are explicitly permitted and maybe asserted pursuant to Section 271.155 of the Texas Government Code.[103] Again, the *Colorado ISD* Court rejected TASB's characterization of the school district's "waiver and estoppel assertions as 'extra-contractual equitable claims'" and that TASB's assertion that it was immune from these "claims".[104] The *Colorado ISD* Court found the school district's waiver and estoppel assertions were not "claims" nor "extra-contractual" in nature, but were "in context and application, *defenses*."[105] As a result, *defenses* like waiver and estoppel accompanying a party's breach of contract claim may also be asserted because Section 271.155 encompasses

---

[102] *See* TEX. LOC. GOV'T CODE § 271.155; CR 8–13 at ¶¶12–42 (claiming only breach of contract).

[103] *See Colorado ISD*, 660 S.W.3d at 775; *Greenville ISD*, 2022 WL 2816532, at \*4; *City of Hidalgo*, 2022 WL 3651986, at \*5–6; *H & H Sand & Gravel, Inc.*, 2007 WL 3293628, at \*4 ("Graham is allowed to raise defenses to the contract, including the contractual notice requirements."); *Roma ISD*, 2012 WL 3025927, at \*2 (concluding immunity was waived based on fact issue concerning whether the "notice that was given and the actions taken in response waived compliance with contractual requirements, procedures, and provisions").

[104]*Colorado ISD*, 660 S.W.3d at 772.

[105] *Id.*

these defenses in the Act's waiver of immunity under Section 271.152.[106]

TASB appears to rely on *H & H Sand & Gravel, Inc. v. City of Corpus Christi* to support its claim that equitable affirmative defenses cannot be asserted against a governmental entity.[107] However, *H & H Sand & Gravel* is inapposite to this case because in *H & H Sand & Gravel* the plaintiff asserted claims of "estoppel, 'waiver,' 'waiver by acceptance of materials and benefits,' and detrimental reliance" as claims for affirmative relief and not as defenses under Section 271.155.[108] This is because H & H Sand & Gravel never entered into a contract with the City of Corpus Christi on which it could sue the City pursuant to Section 271.172.[109] It naturally follows that H & H Sand & Gravel could not assert a defense for estoppel or waiver that would have been encompassed by the Act's waiver of immunity for breach of contract and "affirmative defenses that are available to any party to a contract."[110] As a result, H & H Sand & Gravel attempted to assert equitable claims for relief completely separate from any breach of contract claim which the Court noted

---

[106] *Id.*; *see also Greenville ISD*, 2022 WL 2816532, at *3–4.

[107] Appellant's Brief at 29–30.

[108] *See H & H Sand & Gravel, Inc.*, 2007 WL 3293628, at *4.

[109] *Id.* ("H & H Sand did not pleaded that the City entered into a contract allowing for unilateral modification by third-parties or that the City properly executed the purported assignment.").

[110] *Colorado ISD*, 660 S.W.3d at 773.

Section 271.152 did not waive immunity against.[111]

The remaining cases cited by TASB determined equitable claims could not be asserted as defenses to **Texas statutes** such as the Transportation Code[112] or statutory prerequisites[113] — these cases did not discuss waiver and estoppel in the context of contractual defenses. For example, *Prairie View A&M University v. Chatha* was limited to equitable defenses aimed at defeating "statutory prerequisites to suit."[114] Here the College is not asserting equitable defenses to *avoid* the application of a statute, rather, the College is asserting defenses pursuant to Texas law — specifically Section 271.155 of the Texas Local Government Code.

This is permissible here because the College's defenses are merely contractual defenses and Texas law unambiguously encompasses contractual defenses within the Act's waiver under Sections 271.152, and .155.[115]

Finally, even if TASB was correct, equitable defenses against Texas statutes

---

[111]*H & H Sand & Gravel, Inc.*, 2007 WL 3293628, at *3 ("H & H Sand's estoppel, waiver, and detrimental reliance claims sound in equity and are not included in section 271.152's limited waiver of governmental immunity.").

[112] *Enter. Leasing Co. of Houston v. Harris Cnty. Toll Rd. Auth.*, 356 S.W.3d 85, 89–90 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("Enterprise asserts that the affirmative defenses of estoppel and waiver should be applied against HCTRA to prevent them from enforcing the Transportation Code against Enterprise.").

[113] *Prairie View A & M University v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012).

[114] *Id.*

[115] *Colorado ISD*, 660 S.W.3d at 772 ("[D]efensive assertions of waiver and estoppel meet those parameters [under Section 271.152], they are encompassed within the Act's waiver of immunity.").

are not always barred. The Texas Supreme Court has made clear that equitable defenses are not barred as a matter of law against governmental entities in all cases.[116] Specifically, a claim for relief based on equitable estoppel may still be asserted against a governmental entity where (1) justice requires its application and (2) there is no interference with the exercise of governmental functions.[117]

But the Court need not even consider this additional argument because (1) these defenses are expressly allowed by statute under Texas Local Government Code Section 271.155; and (2) the defenses are not asserted to avoid a Texas statute, but merely as contractual defenses.

### d. The College's defensive claims are permitted by Section 271.155, which has been unchanged since 2005, and is separate from the issue discussed by the Texas Supreme Court in Hays Street Bridge.

TASB's attempt to distinguish between the Act's pre-2013 amendment to Section 271.153 and Section 271.153 as currently amended is a red herring as the "relevant inquiry is whether the claim, defense, or remedy asserted meets the parameters and scope of the immunity language in Section 271.152 of the Act."[118]

---

[116] *See, e.g., Roberts v. Haltom City*, 543 S.W.2d 75, 80 (Tex. 1976) (holding city could be estopped from enforcing law that required a party brining suit to file a notice of claim within 30 days of injury); *Hutchins v. Prasifka*, 450 S.W.2d 829, 836 (Tex. 1970) ("There is authority for the proposition that a municipality may be estopped in those cases where justice requires its application, and there is no interference with the exercise of its governmental functions")

[117] *See Enter. Leasing Co. of Houston*, 356 S.W.3d at 90.

[118] *Colorado ISD*, 660 S.W.3d at 772.

And in determining whether the College may assert "a defense . . . available to a party to a contract" the relevant statute is Section 271.155, not Section 271.153.[119]

The Texas Supreme Court's decision in *Hays Street Bridge Restoration Group v. City of San Antonio* discussed the availability of ***equitable remedies*** in Section 271.153 of the Act's pre-2013 amendment.[120] Following the 2013 amendment of Section 271.153, the Act specifically limited the equitable remedies available to a plaintiff to specific performance or injunctive relief.[121]

Here the College is not seeking equitable relief for its breach of contract claim. Rather, TASB continues to mischaracterize the College's contractual defenses allowed under Section 271.155 classifying them as separate "equitable claims". However, "waiver and estoppel in the manner asserted by [the College] in this case are . . . in context and application, *defenses*" that "are encompassed within the Act's waiver of immunity."[122] Further exemplifying this fact is that the College's breach of contract action seeks actual damages, attorney's fees, allowable interest, and consequential damages for "owner-caused delay" as permitted under Section

---

[119] *See id.*; TEX. LOC. GOV'T CODE § 271.155.

[120] *Hays St. Bridge Restoration Group v. City of San Antonio*, 570 S.W.3d 697, 707 (Tex. 2019) ("*Zachry* does not answer the question presented here: whether Section 271.153 foreclosed the Restoration Group's suit for specific performance.")

[121] TEX. LOC. GOV'T CODE § 271.153(c).

[122] *See Colorado ISD*, 660 S.W.3d at 772.

271.153 of the Act.[123] Because the College does not seek an equitable remedy for its breach of contract claim, the Texas Supreme Court's opinion in *Hays Street Bridge Restoration Group v. City of San Antonio* is not irrelevant for determining whether the College's defenses are encompassed in the Act's waiver of immunity.[124]

Because the College's defensive claims are permitted under Section 271.155 which has remained unchanged since enacted in 2005, whether the pre or post-2013 amended version of the Act applies is irrelevant.[125]

**D.** ***Zachry* only disagreed with *City of Mesquite* to the extent it and other cases allowed damages not waived under the statute; not that a trial court <u>must parse the pleadings even where immunity has clearly been waived.</u>**

As noted above, the sole cause of action that was before the District Court is the College's breach of contract cause of action seeking actual damages and consequential damages for the increased costs of construction as a result of TASB's breach of the contract and delay in paying for covered damages.[126]

With this corrected understanding of what is and is not pled by the College in this case, it is readily apparent that TASB's reliance on *Zachry* is greatly misplaced.

---

[123] CR 120 at ¶41.

[124] *See Hays St. Bridge*, 570 S.W.3d at 699 ("The primary issue before us is whether the waiver of governmental immunity for certain claims provided by the Local Government Contract Claims Act ('the Act') at the time this case arose applies **when the remedy sought is specific performance rather than money damages**.") (emphasis added).

[125] *See Colorado ISD*, 660 S.W.3d at 772.

[126] *Supra*, **Section VII.B–C.**

In *Zachry*, a contractor sought approximately $30 million in damages for delays caused by the Port Authority of Houston during the construction of a wharf and retaining walls on the Bayport Ship Channel.[127] The suit was filed despite a "no-damages-for-delay clause" specifying that the Port Authority would never be liable for delay damages to Zachry or its subcontractors even if the delays were caused by the Port Authority's "negligence, breach of contract or other fault."[128] Zachry argued that this clause could not be enforced to preclude a claim for delay resulting from "intentional" conduct by the Port Authority and the district court and court of appeals agreed with *Zachry*.[129]

In response, the Port Authority argued that even if the no-damages-for delay clause was unenforceable as against intentional conduct, the contract was still otherwise silent on the recovery of delay damages sought by Zachry and, thus, Zachry sought damages beyond those expressly provided by the contract.[130] The Supreme Court of Texas granted review and addressed the question of whether §271.152 "waives a local governmental entity's immunity from suit on a contract claim for delay damages the contact does not call for."[131] The analysis of this

---

[127] *Zachry*, 449 S.W.3d at 102–103.

[128] *Id*. at 103.

[129] *Id.*

[130] *Id.*

[131] *Id.* at 104.

question was then broken into two further parts: (1) whether the Act's limitations on recovery help define and restrict the scope of the waiver of immunity (it does, the court held), and (2) whether the delay damages sought are permitted by the Act (they were, the court held).[132]

Concluding that §271.152-153 only allowed certain categories of damages to be subject to the waiver of immunity, including claims seeking amounts "due and owed/owing," the court generally construed this to mean that either section 271.153 must expressly provide for the type of damages sought against the governmental entity for immunity to be waived or else the damages must be direct damages provided for under the contract.[133] On the facts of *Zachry*, the court determined the terms of the statute itself, which had been amended to expressly allow "any amount owed as compensation . . . . for owner-caused delays,"[134] expressly waived immunity from claims for owner-caused delay damages even if such damages are "not expressly provided for in the contract."[135]

It is in the context of this specific discussion that the court mentions *City of Mesquite* and *Roma ISD* in footnote 54 to the opinion.[136] The footnote in question is

---

[132] *Id.*

[133] *Id.* at 110-112.

[134] *Id.*; TEX. LOC. GOV'T CODE § 271.152(a)(1).

[135] *Zachry*, 449 S.W.3d at 114.

[136] *Zachry*, 449 S.W.3d at 111, n.54.

38

attached to the following sentence in *Zachry*: "We conclude that the Act does not waive immunity from suit on a claim for damages not recoverable under Section 271.153."[137] The footnote itself then goes on to state, "[W]e disapprove of the following cases to the extent they are to the contrary" then lists several opinions, including the two noted above.[138]

First, it should be obvious why *Zachry's* disapproval of these cases has nothing to do with the issue in this case. The statute expressly allows suit for recovery of damages due and owed/owing under a contract with a governmental subdivision and this contract expressly provides for the recovery of the damages sought by the College – i.e., the amount of the loss measured as Replacement Cost Value Further, and the statute explicitly permits the recovery of consequential damages that are being sought by the College — the amount for the increased costs of construction due to TASB's delay in paying for the covered damages.

The only aspect of these cases with which the Texas Supreme Court disagreed was their refusal to allow a plea to the jurisdiction where claimants sought a measure of damages that was not either expressly provided for either in the Act or direct damages from breach of the contract in question (as such direct damages would make

---

[137] *Id*. at 111.

[138] *Id*. at 111, n.54.

them due and owed/owing under §271.153). In fact, the *Zachry* Court explained that where a plaintiff's pleading seeks damages allowed under the Act for a breach of contract claim, the plea to the jurisdiction analysis stops.[139]

Therefore, the limited analysis conducted by the *Zachry* Court did not disapprove of the more general principal also recited by these courts that a governmental defendant could waive a condition precedent that was part of a contract claim for which immunity was otherwise waived, or that courts were required to parse the pleadings to make a determination of waiver of liability for these defenses. The distinction is critical to this case, because there is no reasonable dispute that the insurance contract expressly provides for the RCV damages pled by the College; such damages would be direct damages from the breach of the contract and thus "due and owed" under §271.153.[140] This is precisely how footnote 54 was recently understood by another Texas court examining a similar issue – the *Zachry* court only disapproved with a specific aspect of *Roma ISD*.[141] The holding of *Zachry*

---

[139] *Zachry*, 449 S.W.3d at 109 (explaining the Court's decision in decision in *Kirby Lake Development, Ltd. v. Clear Lake City Water Authority* and the limited analysis applied for a plea to the jurisdiction challenge).

[140] *Zachry*, 449 S.W.3d at 111 (defining "due and owed" to "simply mean[s] . . . damages payable and unpaid. Direct damages for breach – 'the necessary and usual result of the defendant's wrongful act' – certainly qualify") (quoting *Basic Capital Mgmt. v. Dynex Commercial, Inc.*, 348 S.W.3d 894, 901 (Tex. 2011)).

[141] *See City of Corpus Christi*, 2020 WL 3478661, at *4 n.2 ("However, *Zachry* only disapproved of *Roma* to the extent that [the *Roma* court] concluded that § 271.153 cannot serve as a proper basis for granting a plea to the jurisdiction.").

in this regard is nothing more than the conclusion that immunity is not waived when a claimant "seeks only damages not recoverable under section 271.153."[142]

"The waiver does not depend on ultimate liability," but "does require a showing of a substantial claim" seeking some relief that meets the Act's conditions.[143] With this in mind, it is clear that the *Zachry* court did not disagree with anything about *City of Mesquite* or *Roma ISD* except to the extent that either of those courts were permitting a claim to proceed solely to recover damages not allowed by the Act's waiver. And tellingly, the Court further clarified – with regard to the *City of Mesquite* – that it was not necessarily disagreeing with the result in that opinion either, since that case did not exclusively involve claims for damages excluded from the Act's waiver.[144]

This same issue is apparent in all of the cases cited in note 54 – recovery was sought for damages that were not permitted under the statute, generally because they were some species of consequential damages expressly precluded by the plain

---

[142] *Zachry*, 449 S.W.3d at 109; *San Antonio River Auth. v. Austin Bridge & Rd., L.P.*, 601 S.W.3d 616, 630 (Tex. 2020); *see also Primestar Constr., Inc. v. City of Dallas*, No. 05-17-01447-CV, 2019 WL 1033978, at *4 (Tex. App.—Dallas Mar. 5, 2019, pet. denied) ("In *Zachry*, the court explained that immunity is not waived when a plaintiff seeks 'only damages not recoverable under section 271.153.'") (quoting *Zachry*).

[143] *Primestar*, 2019 WL 1033978, at *4.

[144] *Zachry*, at 111 n.54 ("note, however, that the [*City of Mesquite*] court pointed out that the record did not establish that the claim was solely for damages excluded by the statute, and cited *Tooke*.")(emphasis added).

language of § 271.153.[145]

Nothing in *Zachry* suggests the court disagreed with the more fundamental procedural notion expressed in these cases that a claim of waiver or estoppel of a condition precedent or some other defense is somehow beyond the scope of the statutory waiver or that courts must parse the pleadings to determine if contractual defenses fall within the waiver of sections 271.152 and 271.155.[146] Rather, that rule remains intact from these cases.[147]

**E.    TASB's sole evidentiary challenge was against the equitable doctrine of unconscionability, which is not a claim in this lawsuit, thus mooting the <u>issue.</u>**

TASB attempts to turn its Partial Plea to the Jurisdiction into a motion for summary judgment after the fact through misquotes of its own Partial Plea to the Jurisdiction. TASB knows the College's defenses are proper under the Act and now tries to attack the College's breach of contract claim on a factual challenge despite

---

[145] *See, e.g.*, *Santa Rosa Indep. Sch. Dist. v. Rigney Const. & Dev., LLC*, No. 13–12–00627–CV, 2013 WL 2949566, at *5 (Tex. App.—Corpus Christi June 13, 2013, pet. denied) (mem. op.), disapproved on other grounds, *Zachry*, *supra* ("consequential damages"); *Corpus Christi Indep. Sch. Dist. v. TL Mech.*, No. 13–11–00624–CV, 2012 WL 1073299, at *3 (Tex. App.—Corpus Christi Mar. 29, 2012, pet. denied) (mem. op.) (lost profits where such were consequential damages); *City of N. Richland Hills v. Home Town Urban Partners, Ltd.*, 340 S.W.3d 900, 909–910 (Tex. App.—Fort Worth 2011, no pet.) (consequential damages); Tex. Loc. Gov't Code § 271.153.

[146] *See Zachry*, at 108 (alluding to section 271.155's waiver of defenses finding "Section 271.152, as qualified by this 'subject to' phrase also does not preclude other defenses or other contractual procedures . . . .").

[147] *See Zachry*, at 111 n.54; *Greenville ISD*, 2022 WL 2816532, at *2; *Colorado ISD*, 660 S.W.3d at 773.

never raising the issue before.

The sole factual challenge raised by TASB in its Partial Plea to the Jurisdiction pertained to TASB's governmental immunity and the College's alleged lack of facts on "claims for relief based on the equitable doctrine of unconscionability."[148] TASB cunningly left this last portion of its claimed evidentiary challenge out of its own quote in footnote 51 of TASB's Appellate Brief in an effort to trick this Court into retroactively applying an evidentiary challenge to the College's breach of contract claim.[149]

Because TASB did not make any other evidentiary challenges, TASB has waived this issue to the extent TASB now tries to raise an evidentiary challenge to the College's breach of contract claim on appeal.[150] Allowing a challenge to jurisdictional evidence to be raised for the first time on appeal circumvents the procedural safeguards established by *Miranda* and thus is not permitted.[151] Because the College has not asserted as a cause of action for any equitable doctrine of unconscionability, and TASB's sole evidentiary challenge was against this alleged

---

[148] CR 37 at ¶18.

[149] *Compare* Appellant's Brief at 47 n.51 *and* CR 37 at ¶18.

[150] *Cameron Cnty. Reg'l Mobility Auth. v. Garza*, No. 13-18-00544-CV, 2019 WL 5076515, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 10, 2019, no pet.) ("While jurisdictional issues generally can be raised sua sponte or for the first time on appeal, a defendant appealing the denial of a plea to the jurisdiction may not urge an evidentiary challenge for the first time on appeal.").

[151] *See Hendee v. Dewhurst*, 228 S.W.3d 354, 375 (Tex. App.—Austin 2007, pet. denied).

equitable claim, TASB's challenge is moot.

Regardless, the only cause of action raised by the College, and thus the only possible evidentiary immunity issue that could even before the court is the College's breach of contract claim because, as discussed above, the College's allegations and defenses fall under the its breach of contract claim and are not separate claims.[152] Therefore, the only challenge to the existence of jurisdictional facts that could even be at issue would be an evidentiary challenge to the existence of the contract between the parties and whether that contract qualifies for waiver of immunity under Sections 271.152.[153]

Interestingly, even here TASB does not claim there is no contract between the parties because TASB's own Partial Plea to the Jurisdiction attached evidence of the contract on which the College's breach of contract claim is based.[154] Further, TASB does not even contend that the contract itself does not fall under the immunity waiver in § 271.152, but rather plead that that the College simply had "not pleaded an applicable waiver of TASB's immunity from suit and from liability . . . ."[155]

---

[152] CR 12–13 (asserting breach of contract as the College's sole cause of action against TASB).

[153] *See Vantage Sys. Design, Inc. v. Raymondville Indep. Sch. Dist.,* 290 S.W.3d 312, 316 (Tex. App.—Corpus Christi 2009, pet. filed) (holding that plaintiff failed to prove waiver of immunity pursuant to section 271.152 because it failed to produce written contract).

[154] *See generally* CR 56–102.

[155] CR 44 at ¶31.

However, against this defense the College's Original Petition clearly did plead an applicable waiver stating:

> TASB is a local-government unit pursuant to Section 271.151(3) of the Texas Local Government Code and is authorized to enter into contracts. TASB and Plaintiff entered into a contract as defined by Section 271.152 of the Texas Local Government Code. TASB breached the contract, and thus, TASB's immunity from suit for this breach of contract claim is waived pursuant to Section 271.152 of the Texas Local Government Code. Furthermore, the Supreme Court of Texas has applied Section 271.152 to breach of contract actions seeking benefits under self-insured insurance plans such as TASB's. *See, e.g.*, *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Property/Casualty Joint Self-Insurance Fund*, 212 S.W.3d 320, 327 (Tex. 2006).[156]

Therefore, the College provided sufficient evidence that a contract existed waiving immunity for the College's breach of contract claim, and that the College properly pled waiver and the District Court did not err in denying TASB's Partial Plea to the Jurisdiction as it relates to TASB's immunity claim or any possible evidentiary challenge.

## CONCLUSON & PRAYER

The district Court correctly denied TASB's Partial Plea to the Jurisdiction as

---

[156] CR 446 (Plaintiff's Motion for Partial Summary Judgment); *see also* CR 5 at ¶3 (Plaintiff's Original Petition).

it relates to the College's defenses. There is no question that the College's claim for breach of contract and supporting factual allegations falls within the express waiver of sovereign immunity in TEX. LOC. GOV'T CODE § 271.152. Finally, the College's defenses are also clearly encompassed within the Act's waiver of immunity as explicitly stated in Section 271.155.

Therefore, the orders of the district court should be affirmed in their entirety, and this case should proceed on the merits in the district court.

Respectfully submitted,

**/s/ Vincent P. Circelli**
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Andrew D. Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com
Sarah Arroyo
State Bar No. 24138756
sarroyo@dcclawfirm.com

**DUGAS & CIRCELLI, PLLC**
4800 Bryant Irvin Ct.
Fort Worth, Texas 76107
Telephone: (817) 817-7000
Facsimile:   (682) 219-0761

**ATTORNEYS FOR APPELLEE**

**CERTIFICATE OF COMPLIANCE**

1. This petition complies with the type-volume limitations of Texas Rules of Appellate Procedure 9.4 because it contains 12,055, excluding the parts exempted by the Texas Rules of Appellate Procedure.

2. This petition complies with the typeface requirements of Texas Rules of Appellate Procedure 9.4(e) because this response has been prepared in a proportionally spaced typeface using "Microsoft Word for Microsoft 365 MSO" in 14 point "Times New Roman" style font.

*/s/Vincent P. Circelli*
Vincent P. Circelli

## CERTIFICATE OF SERVICE

I certify that on this September 30, 2025, a true and correct copy of the foregoing document was forwarded to the following Respondent and Real Party in Interest in accordance with Texas Rule of Appellate Procedure 9.5(b).

***Via Electronic Service***
Jack W. Higdon (Trial and Appellate)
State Bar No. 24007360
jack.higdon@blankrome.com
Barry Abrams (Appellate)
State Bar No. 00822700
barry.abrams@blankrome.com
Joshua A. Huber (Appellate)
State Bar No. 24065457
josh.huber@blankrome.com
Gregory J. Moore (Trial)
State Bar No. 24055999
greg.moore@blankrome.com
Christopher W. Caudill (Trial)
State Bar No. 24104717
christopher.caudill@blankrome.com

**BLANK ROME LLP**
717 Texas Avenue, Suite 1400
Houston, Texas 77002-2727

Clarissa M. Rodriguez
State Bar No. 24056222
cmrodriguez@rampagelaw.com
Lori Hanson
State Bar No. 21128500
lwhanson@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH, P.C.**
2517 N. Main Avenue

San Antonio, Texas 78212

*/s/Vincent P. Circelli*
Vincent P. Circelli

No. 15-25-00115-CV

---

# IN THE FIFTHTEENTH COURT OF APPEALS OF TEXAS

---

**TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND**
*Appellant/Cross-Appellee*

**vs.**

**SOUTHWEST TEXAS JUNIOR COLLEGE**
*Appellee/Cross-Appellant*

---

Appeal from the 38th Judicial District Court
Uvalde County, Texas, No. 2023-11-35269-CV
The Honorable Kelley T. Kimble, Presiding Judge

---

## APPENDIX

---

| Appendix | Document |
|---|---|
| A | House Research Organization: Bill Analysis (4/20/2005) |

51

# APP. A

HOUSE
RESEARCH
ORGANIZATION bill analysis          4/20/2005

HB 2039
Nixon
(CSHB 2039 by Rose)

SUBJECT:     Waiving local government sovereign immunity for contract disputes

COMMITTEE:   Civil Practices — committee substitute recommended

VOTE:        7 ayes —  Nixon, Rose, P. King, Madden, Raymond, Strama, Woolley

             0 nays

             2 absent —  Martinez Fischer, Talton

WITNESSES:   For — Gregory Cokinos, AGC – Texas Building Branch; Anna Farris, Associated Builders and Contractors of Greater Houston and ABC of Texas; Richard Ringo, RBR Construction; Tom Vaughn, Vaughn Construction; John R. Ward, Texas Surety Federation; Paul Workman, Workman Commercial

             Against — Todd Clark, Texas Association of School Boards and Council of School Attorneys; Keith Stretcher, City of Midland

BACKGROUND:  The doctrine of sovereign immunity precludes a party from asserting an otherwise meritorious cause of action against a government entity unless the government consents. The Legislature has waived sovereign immunity for both the state and for counties in contract lawsuits. There is disagreement as to whether sovereign immunity has been waived for other local government entities (such as cities and school districts) in contract cases. The Texas Supreme Court is currently considering several cases that deal with the issue.

DIGEST:      CSHB 2039 would waive sovereign immunity for local government entities for claims arising under contracts that the entity entered into.  The bill would apply to political subdivision of the state, other than a county or a unit of state government, and would include a municipality, a public school district or junior college district, and a special-purpose district, such as a navigation district.

             A plaintiff could sue the entity in either county or state court for a claim arising under a written contract for goods or services. The plaintiff would not be able to sue the entity in federal court as the bill expressly would maintain sovereign immunity against suits brought in federal court.

The bill would limit a judgment against the entity to the following:

- the balance owed by the entity under the contract, including any amount owed for increased costs borne by the plaintiff to perform the contract caused by the entity either delaying the plaintiff's performance or accelerating the contract;
- the amount owed for change orders or additional work required to carry out the contract; and
- interest allowed by law.

The bill would not allow the following damage awards:

- consequential damages (losses that did not flow directly from the defendant's wrongful act) except for an amount owed for increased costs borne by the plaintiff to perform the contract caused by the entity either delaying the plaintiff's performance or accelerating the contract;
- exemplary damages (damages awarded in addition to actual damages when the defendant acted with recklessness, malice, or deceit and meant to punish and thereby deter blameworthy conduct); or
- damages for unabsorbed home office overhead.

Adjudication procedures agreed to in the contract (including a requirement for serving notice to the other party or engaging in alternative dispute resolution before bringing a suit) between the plaintiff and the entity would be enforceable unless they conflicted with another provision in the bill.

The bill state that it is not intended to affect in any way the sovereign immunity of a local government entity for a lawsuit arising from a contract executed before September 1, 2005. The bill would take effect September 1, 2005, and would apply to contracts executed on or after that date.

SUPPORTERS
SAY:

CSHB 2039 would bring fairness to business relationships between contractors and local government entities, thus encouraging top contractors to take on government contracts. Under current law, a plaintiff cannot sue a local government entity for a claim that arises from a contract. This creates a fundamentally unfair situation that denies redress, for example, to a contractor who completed a project for a city that refused to pay. As a result, to protect themselves from potentially irrecoverable

losses, certain contractors do not bid for local government contracts. Some of the best and most experienced contractors choose to bid only on other contracts while small contractors effectively are shut out of the bidding process because they cannot afford the risk of contracting with local governments. In the end, all that local government entities may be left with to receive bids are sub-par contractors.

Another problem resulting from the inability of a contractor to bring suit against government entities is that contractors often submit bids that are artificially high or perform substandard work. They do this to provide themselves with an informal type of insurance — if they overcharge enough local government entities or save money on each job by cutting corners, contractors financially are better equipped to absorb losses from government entities that refuse to pay. This creates a situation where local government entities often pay more for a contract job than the fair market value. CSHB 2039 would provide reasonable assurance to contractors that they would receive payment, or at least the opportunity to seek redress, in exchange for performing competent work at a fair price.

OPPONENTS
SAY:

The bill's provision stating that sovereign immunity would be waived for any claim "arising under the contract" is too broad. It is unclear from this language whether a plaintiff could bring a claim only for breach of contract, or whether the plaintiff could bring any claim — such as fraud — based on the contract. Government Code, ch. 2260, which allows a contractor to bring a claim against the state, limits a contractor to breach of contract claims. It would be fair and reasonable to include a similar limitation in this bill.

Local Government Code, sec. 262.007, which waives the sovereign immunity of counties in claims arising from contracts they entered, waives a county's sovereign immunity only for claims involving a contract for engineering, architectural, or construction services or for goods related to those contracts. By not limiting the type of contract for which a local government entity could be sued, local government entities would be exposed to a vast amount of liability based on any contracts they entered.

OTHER
OPPONENTS
SAY:

The bill should allow recovery for attorney's fees. Local Government Code, sec. 262.007, which waives sovereign immunity for certain contract claims against counties, allows for the recovery of attorney's fees. A contractor should be able to collect attorney's fees against a city or other local governmental entity also.

NOTES:             The bill as introduced would have allowed for the recovery of attorney's
                   fees from the local government entity as part of the plaintiff's judgment
                   award.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jen Saenz on behalf of Vincent Circelli
Bar No. 24058804
jen@pjdlawfirm.com
Envelope ID: 106276424
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Appellee/Cross-Appellant's Response Brief
Status as of 9/30/2025 3:50 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Barry Abrams | | barry.abrams@blankrome.com | 9/30/2025 3:48:30 PM | SENT |
| Jack Higdon | | jack.higdon@blankrome.com | 9/30/2025 3:48:30 PM | SENT |
| Joshua Huber | | josh.huber@blankrome.com | 9/30/2025 3:48:30 PM | SENT |
| Penny Johnson | | penny.johnson@blankrome.com | 9/30/2025 3:48:30 PM | SENT |
| Gregory J.Moore | | Greg.Moore@BlankRome.com | 9/30/2025 3:48:30 PM | SENT |
| Preston J.Dugas III | | pdugas@dcclawfirm.com | 9/30/2025 3:48:30 PM | SENT |
| Vincent P. Circelli | | vcircelli@dcclawfirm.com | 9/30/2025 3:48:30 PM | SENT |
| Andrew D. Spadoni | | aspadoni@dcclawfirm.com | 9/30/2025 3:48:30 PM | SENT |
| Sarah Arroyo | | sarroyo@dcclawfirm.com | 9/30/2025 3:48:30 PM | SENT |
| Clarissa Rodriguez | | cmrodriguez@rampagelaw.com | 9/30/2025 3:48:30 PM | SENT |
| Liniuse Umunna | | Liniuse.Umunna@blankrome.com | 9/30/2025 3:48:30 PM | SENT |
| Noorhan Chahal | | noorhan.chahal@blankrome.com | 9/30/2025 3:48:30 PM | SENT |
| Yvette Manzano | | yvette.manzano@blankrome.com | 9/30/2025 3:48:30 PM | SENT |
| Christopher W.Caudill | | Christopher.Caudill@BlankRome.com | 9/30/2025 3:48:30 PM | SENT |